Per Curiam.

We cannot doubt that the facts alleged in the declaration, if well proved, will be a sufficient foundation of an action *27 for damages. They exhibit a case of complicated fraud and deceit; and, if two persons were concerned, would constitute a conspiracy, for which the actors might be indicted and punished. It is at least equal to the cases of recommendation of an insolvent person as solvent, whereby a person has been induced to trust him with goods ; and * it is well known that such a recom- [ * 22 ] mendation, proved to be false, will be a good ground of action for damages.
We think, also, that the witness offered was competent; although it is difficult to believe that the jury would give much credit to him, if his participation in the fraud, as stated in the declaration, should turn out to be true.
He is not interested in the event of the suit ; for no damages will be given to him, nor will he have a right to share in the damages which may be awarded to the plaintiff. If he should hereafter bring a suit himself, the verdict in this action will not be evidence in his favor. Nor will the judgment recovered in this action necessarily be a bar to any action which the plaintiff may hereafter bring against the witness; although what is recovered in this case may possibly go to mitigate the damages in such future action.
But we do not think this contingent and uncertain interest sufficient to exclude him ; especially as, before he is sworn, he may be released by the plaintiff from any right of action on this account. This would probably have been offered at the trial, had it not been supposed that the objection, taken to his competency, was, his participation in the alleged act which is the subject of the action.
As to the allegation in the declaration, that the witness was enticed by the defendant to aid in the fraud practised upon the plaintiff, this, if true, does not destroy his competency to testify. The witness is not legally infamous, and, if particeps fraudis, we do not see why he may not be sworn in a civil action, as well as particeps criminis in a public prosecution, which is the constant practice.
Let the nonsuit be set aside, and a new trial granted.†, ‡

 On the new trial J. Bean was a witness ; but the defendant obtained a verdict; ut audivi.

 Patten vs. Gurney et al., 17 Mass Rep. 182. A co-trespasser may be a witness for the plaintiíf, B. N P. 286. — Chapman vs Greaves, 2 Campb. 333, (n.) — Morris vs. Daubigny, 5 Moore, 319. — Berkley vs Dimery, 10 B. & Cr. 113 —Blackett vs. Weir, 5 B & C. 387. — Hall vs. Curson, 9 B. & C. 647. — But a release to one will discharge the other. Bacon, Release (G).—2 Phill. Ev 329. And a recovery against one is a bal to an action against the other. 2 Phill Evid. 199.