1830.
Larkin
v.
Mann.

---

### Larkin vs. Mann and others.

Where partition suits were pending at the time the revised statutes went into operation, the subsequent proceedings therein must conform to such statutes.

Partition suits in this court may be commenced either by bill or petition, and the course of practice prescribed by the revised statutes in relation to proceedings in the common law courts must be adopted here, as far as is practicable, except in cases where a different course of practice is authorized or prescribed by law.

If the suit is commenced in this court by bill, the complainant must take out and serve a subpœna as in ordinary suits.

No proceedings can be had against an infant after service of the subpœna, until a guardian had been appointed and has filed the requisite security.

Where the right of the complainant is not admitted by the answer, he is bound to make such proof of his title as would entitle him to a recovery in ejectment.

If the bill is taken as confessed, the proof of the complainant's title may be made before a master, on a reference. But if an issue of fact is joined in the cause, the complainant may make the necessary proof, and produce the abstract of the conveyances, before the examiner.

The court may in its discretion award a feigned issue to try the question of title, as in ordinary cases in this court.

In chancery it is not necessary that the shares assigned to the several parties should be exactly equal; as the parties who receive more than their share of the estate may be required to make a pecuniary compensation to those who receive less:

THE bill in this cause was filed previous to the first day of January, 1830, for the partition of lands, in the county of Schoharie. The bill, having been taken as confessed against all the defendants, was set down for a final decree at the present term.

Feb. 1st.

W. Reynolds, for the complainant, now moved for a decree that partition be made, and that commissioners be appointed for that purpose.

1830.

Larkin
v.
Mann.

THE CHANCELLOR. By the 22d section of the title of the revised statutes relative to the partition of lands, (2 R. S. 320,) if the default of any of the defendants, whether known or unknown, has been entered, the court is directed to require proof of the complainant's title and an abstract of the conveyances by which the same is held ; and all proceedings in partition suits which were pending on the first of January last, or commenced afterwards, must be conducted according the provisions of that title. Although most of those provisions relate particularly to proceedings in the common law courts, the same course of practice must be adopted here, so far as those provisions can be carried into effect in the ordinary course of proceeding in this court, except in the special cases provided for in the eighty first section. (2 R. S. 329, § 80, 81.) The suit in this court may be commenced by bill, or petition, either of which must contain the requisites prescribed in the fifth section of that title, and must conform to the 174th rule of this court ; and if any of the parties are infants, guardians must be appointed and give bonds, as directed in the fourth section. If the complainant proceeds by petition, it may be served or notice thereof may be published in the manner prescribed in the tenth, eleventh and twelfth sections ; and if the suit is commenced by filing a bill, he may proceed by subpoena as in ordinary suits in this court. But no proceeding can be had against an infant, after service of the subpoena, until a guardian has been appointed and filed the requisite security. If the rights of the several parties as stated in the bill or petition are not admitted by the answers of the defendants, the complainant must make such proof of his title as would be sufficient to enable him to recover in ejectment. If an issue of fact is joined in the cause, it may be determined in the ordinary manner of deciding questions of fact in this court, or the court may award a feigned issue for the trial thereof. If the bill or petition is taken as confessed against all or any of the defendants, the proof of title required by the twenty-second section may be made on a reference to a master for that purpose, if the cause is not heard on pleadings and proofs as against any of the defendants. But in the latter case the

complainant may make proof of his title before the examiner, and produce it with the abstract of the conveyances by which it is held, at the hearing. Where none of the defendants, or a part only, have appeared, and answered and admitted the rights of the several parties as stated in the bill or petition, and the others have made default, the complainant is entitled to a common order of reference under the 177th rule. This order must direct the master to take proof of the title of the complainant in the premises, and of the several matters set forth in the bill or petition ; and to ascertain and report particularly what share or part of the premises belongs to each of the parties to the suit, so far as the same can be ascertained, and the nature and extent of their respective estates or interests therein ; and that he also report such proof and an abstract of the conveyances by which the title to the premises is held. A further provision may also be inserted in this order when necessary, directing the master, if requested by either of the parties on the reference, to examine and report whether the premises or any part thereof are so circumstanced that a partition thereof cannot be made without great prejudice to the owners thereof; and that he state the particular facts and circumstances, if any, which will render a division of the property impracticable, or prejudical to the interests of the several parties.(a)

In proceeding on this branch of the order of reference, it will be the duty of the master to take into consideration that in this court it is not necessary that all the shares should exactly correspond in value ; but that one part may be directed by the decree to make compensation to another for equality of partition. 2 R. S. 330, § 83.)

This case must be referred to a master residing in the county of Schoharie to report upon the title, &c. before any further order can be made therein.

(a) Under the first clause of the 78th rule, as amended in April, 1830, a further clause must now be added to this common order, directing the master, if he decides that a sale is necessary, to inquire as to specific liens.