CHARLES H. BROCK ET AL., APPELLANTS, VS. MICHAEL J. DOYLE ET ALS., APPELLEES.

1. A State Court is not bound to surrender its jurisdiction upon a petition for removal to the courts of the United States until a petition is filed, which, upon its face, shows the right of the petitioner to the transfer. In such petition it is not enough to allege that the petitioners were resident in another State. They must allege that they were citizens.

2. In a suit for partition, under the statute, process should be served upon a minor defendant before a guardian *ad litem* is appointed.

3. In partition it is not essential that the shares assigned to the several parties should be exactly equal, as the parties who receive more than their share of the estate may be required to make a pecuniary compensation to those who receive less.

Appeal from the Circuit Court for Orange county.
The facts of the case are stated in the opinion.

*J. B. Stickney* for Appellants.

*J. W. Price* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

In this case, a petition for partition by the respondents of real estate, in which it was alleged that the parties were tenants in common, a petition for removal of the cause to the courts of the United States upon the ground of prejudice and local influence, was filed after answer by defendants. This matter concerns the jurisdiction of the State court, and must be first disposed of. Under the act of Congress regulating the subject such a right is given under circumstances named therein, where the suit in the State court is between a citizen of the State in which it is brought and a citizen of another State.

The allegation in this petition is that the " petitioners re-

side in or near the city of Brunswick, in the State of Georgia." The Supreme Court of the United States has uniformly held that in such cases as this a State court is not bound to surrender its jurisdiction upon a petition for removal until, at least, a petition is filed which, upon its face, shows the right of the petitioner to the transfer. 5 Otto, 187.

The statement here does not amount to an allegation that the petitioners are citizens of the State of Georgia. In the case of Parker *et al.* vs. Overman, 18 How., 141, which was a case in which a removal was sought, it was held that in a partition for removal it is not enough " to allege that the petitioners were residents in another State." Say the court: "' Citizenship ' and ' residence ' are not synonymous terms." See also 8 Peters, 115. It is thus apparent in this case that the jurisdiction of the State court was not divested, and we have only to examine the proceedings of that court to ascertain whether there is therein error calling for a reversal of the orders made herein. This brings us to the consideration of the errors assigned by the appellants.

We have examined with care the several errors assigned, but it is necessary to the disposition of the case to refer to but one.

Charles H. Watson, one of the defendants to this suit, is a minor. Without any service of process upon him, or upon any one for him, the court, upon the application of his father, appointed C. H. Spencer his guardian *ad litem.*

The practice, under the statute regulating proceedings in partition, conforms to the general rules in chancery proceedings, except where otherwise provided in the statute. There is no provision as to service of process upon minor defendants. It is therefore controlled by the general rule in chancery, which is that " in a suit against an infant process should be served upon him, and a guardian *ad litem*

appointed by the court." 1 McLean, 167; 1 Ala., 390; 6 J. J. Mar., 45; Daniel Chy. Prac., 5 Edition, Note 1, §161.

It is thus apparent that the order for the sale, affecting as it does the interest of the minor defendant, must be set aside, and the case remanded to stand upon the last amended petition. Upon the service of the statutory process upon the minor, the cause will proceed in accordance with the rules of practice controlling the subject.

We notice from the testimony as to the propriety of an actual partition rather than a sale of the land, that the view seems to have prevailed with all the parties that an actual partition must be of such character as to give one-third in quantity of the land to the parties seeking the partition. We think such a view if entertained is error. This proceeding is substantially a proceeding in chancery under the statute. The rule there is, that it is not necessary that the shares assigned to the several parties should be exactly equal, as the parties who receive more than their share of the estate may be required to make a pecuniary compensation to those who receive less. 2 Paige, 27.

In this aspect of the case this enquiry, if it is desired by the defendants, should be made, and they should be permitted to take testimony upon the subject. If such a partition as this cannot, in the opinion of commissioners to be appointed, be made without " great prejudice " to the owners of the estate, as a matter of course a sale should be had.

The order of the sale is set aside, and the case will be remanded for further proceedings, conformable to law and not inconsistent with this opinion.