JOHN E. THOMPSON AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF OLIVIA GIBBONS, APPELLANT, vs. JOHN L. McDERMOTT, APPELLEE.

1. In a suit in equity brought to set aside a will executed by a *feme sole*, upon the ground that the same was revoked by her subsequent marriage, her children by a former marriage who are the legatees under the will are necessary parties.

2. In a suit in equity against infants, process should be served upon them and a guardian *ad litem* appointed by the court to defend them, notwithstanding their legal guardian is also a party.

3. Where a general guardian appears and makes the defence required by law and is heard by the court as the representative of the infant, such action is equivalent to his *appointment* as guardian *ad litem ;* but the cause should not be heard without answer in behalf of infant defendants.

4. There can be no default taken against infant defendants.

Appeal from the Circuit Court of Monroe county.

The case is sufficiently stated in the opinion. The points decided as to parties and practice were not raised by counsel.

*L. W. Bethel* for Appellant.

*W. C. Maloney, Jr.*, and *George P. Raney* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

This is an appeal from a decree declaring that the will of Olivia Gibbons dated October 30, 1877, was revoked by the subsequent marriage of the testatrix to John L. McDermott, the complainant, and the birth of her son, James L. McDermott, as prayed in the bill. The object of this appeal, according to the petition of appellant, is to reverse this decree.

Another question, however, is presented by an inspection of the bill. It is brought " against John E. Thompson, as the executor of the last will and testament of Olivia Gibbons, deceased, and against George Edward and Thomas Eugene Gibbons, minor children of the said Olivia Gibbons, deceased, as aforesaid, by their guardian, John E. Thompson." These minors are children of the testatrix by a former marriage. The prayer of the bill is that the will be set aside " as illegal and utterly void," &c. The prayer for subpœna asks that the writ be " directed to the said John E. Thompson, as executor of the last will and testament of Olivia Gibbons, deceased, and to George Edward and Thomas Eugene Gibbons, minor children of the said Olivia Gibbons, through their guardian, John E. Thompson."

The subpœna was served on " the said J. E. Thompson." No service was made on the minor children, who were the legatees of the entire real and personal property under the will of their mother.

The decree prayed for directly affected their interest in the estate of their deceased mother, and they were therefore necessary parties to the suit. The decree was made

without making them parties and obtaining jurisdiction of their persons.

There is no statutory provision regulating service of process upon minor defendants. It is controlled by the general rule in chancery, which is that "in a suit against an infant process should be served upon him and a guardian *ad litem* appointed by the court." Brock *et al.* vs. Doyle, 18 Fla., 172; Carrington vs. Brents, 1 McLean, 167; Walker vs. Hallett, 1 Ala., 379; Graham vs. Sublett, 6 J. J. Marsh., 45; 1 Barb., Ch. Pr., 51; 1 Dan. Ch. Pr., 153; *161, *n.* 1; Eq. Rule 36, Fla.

The citation of a minor should be served in the presence of his legal guardian, or in the presence of some person upon whom the actual care or custody of the minor, for the time being, has properly devolved. Kellett vs. Rathbun, 4 Paige, 102, 106.

In Massachusetts it was lately held that a guardian *ad litem* need not be appointed if the infant has a probate or general guardian, unless the interests of the infant and the guardian are in conflict. Mansur vs. Pratt, 101 Mass., 60. The authorities cited for this rule are principally cases at law in the courts of that State. The rule in equity is thus stated in Parker vs. Lincoln, 12 Mass., 19: "The course in chancery, where an infant defendant does not appear voluntarily, is, to send an officer to bring him into court, and then a guardian is appointed to defend his interests in the suit." * * "It is still necessary to appoint a guardian, notwithstanding Lincoln, his legal guardian, is made a defendant." And this is one of the cases cited by Hoar, J., in Mansur vs. Pratt.

It has been held that where service is made upon the general guardian and he appears and makes the defence required by law, and is heard by the court as the representative of the infant, such action is equivalent to his appoint-

ment as guardian *ad litem*. Price vs. Winter, 15 Fla., 67, 104 ; Beverleys vs. Miller, 6 Munf., 99. The cause should not be heard without answer of the infant defendants. Henly vs. Gore, 4 Dana, 136.

In the case at bar Thompson is named in the bill as executor of the will and as guardian of the infants. Service of subpœna was made upon " the said Thompson," but not upon the infants.

Thompson appears and answers as executor and not as guardian, nor in behalf of the minors. There can be no default taken against infants. 4 Dana, 136. They are, therefore, not before the court. The decree in nullifying the will under which, if valid, the entire estate goes to these two children was erroneous.

For the same reason (that the infants are not before this court) it becomes improper to decide whether the will was revoked by the subsequent marriage. The following authorities, however, bear upon the question :

Chancellor KENT, in 4th Commentaries, 578 (12th Ed.,. p. *527), says : " The will of a *feme sole* is *revoked by her marriage*. This is an old and settled rule of law ; and the reason of it is, that the marriage destroys the ambulatory nature of the will, and leaves it no longer subject to the wife's control. It is against the nature of a will to be absolute during the testator's life, and therefore it is revoked in judgment of law by the marriage."

This was held in Cotter vs. Layer, 2 Peere Wms., 623 ; Doe *ex dem*. Hodsden vs. Staple, 2 T. R., 684, 695, 697 ; Hodsden vs. Lloyd, 2 Bro. Ch., 534, 544 ; 2 Roper, Husband and Wife, 69 ; 1 Jarman on Wills, 4th Am. Ed., 150 ; Redfield on Wills, 293, §24 ; 1 Wms. on Exec. (192), 228, 6 Am. Ed. by Perkins.

We forbear expressing an opinion or entering any judgment upon this branch of the case. If it should again

come before this court it might become necessary that the question of the power of a married woman to make a will or to change or republish a will made before her marriage, as the law stood in this State at the time of the marriage, should be fully argued by counsel.

Upon the ground of the absence of necessary parties, the decree appealed from is reversed, and the cause remanded for such further proceedings as may be had in accordance with the practice in equity cases.