## MARY L. FISHER AND OTHERS, v. MARY B. LYON AND OTHERS.

*Partition — if the clerk of the court is appointed guardian* ad litem *for an infant defendant in an action of partition, he must give security.*

Where, in default of any person consenting to act as guardian *ad litem* for an infant defendant in an action of partition, the court appoints its clerk to act as guardian, it cannot relieve him from the necessity of furnishing the security required, by section 1536 of the Code of Civil Procedure, from guardians *ad litem* in such actions.

Chapter 227 of 1833 authorizing the Court of Chancery to dispense with the security required by section 4 of 2 Revised Statutes, 317, in such cases, when appointing either of the clerks to act as a guardian *ad litem,* was repealed by chapter 245 of 1880, and has not been re-enacted.

APPLICATION for an order appointing the clerk of the court the guardian *ad litem* of an infant defendant.

The action was brought to partition lands, and it was sought to have the order relieve the clerk from the necessity of furnishing security. The motion was made upon the usual affidavits and papers. The application had been refused when presented at Special Term, and was made at the General Term in order to get its opinion on the question involved.

PER CURIAM:

This action is brought to partition lands. No person having consented to become the guardian *ad litem* of the infant defendants, the plaintiffs apply for an order appointing the clerk of the court without security.

By the Revised Statutes guardians of minors in partition cases were required before entering upon their duties to execute bonds in such sum and with such surety as the court should direct, conditioned for the faithful discharge of the trust, etc. (2 R. S., 317, § 4.)

By chapter 227, Laws 1833 (3 R. S. [6th ed.], 598), it was provided, in case a disinterested person did not consent to become the guardian of minors in partition cases, that the Court of Chancery might appoint either of the clerks of said court guardian, and dispense with the security required by the Revised Statutes. The section of the Revised Statutes above cited, and chapter 227, Laws 1833, were repealed by chapter 245, Laws 1880. This section of the Revised Statutes was, in substance, re-enacted by section 1536, Code of Civil Procedure, but chapter 227, Laws 1833, has not been re-enacted.

It is urged that requiring an officer of this court to give security, is, in effect, requiring security of the court. The court acts through its agents, from whom security is required, except in cases otherwise provided for by law. A receiver is an officer of the court, but security is seldom or never dispensed with. The practice in partition cases has been regulated by statute in this State from the earliest times. (2 Jones & Varick, 185.) In *Larkin* v. *Mann* (2 Paige, 27) it was held that the practice prescribed by the statute in partition cases, must be followed by the Court of Chancery, so far as practicable. In this case the guardian *ad litem* was required to give security. The policy of this State has been uniformly not to permit the title of infants to real estate to be divested, except pursuant to statute.

We think the general power of this court over the persons and estates of minors does not authorize the court to dispense with security in partition cases, even though one of its officers be appointed. Section 472, Code of Civil Procedure, requiring the clerk to act, when appointed, does not dispense with the necessity of giving security.

The application for an order appointing the clerk without security is denied.

Present — HARDIN, P. J., BOARDMAN and FOLLETT, JJ.

The application for an order appointing the clerk of Lewis county as guardian *ad litem* for infant defendants in a partition action without security, is denied.