KNIGHTS OF PYTHIAS, A CORPORATION, PAUL BROOKS, AN
INFANT, AND INEZ BROOKS, AN INFANT, *Appellants,* v.
ALICE HENRY, *Appellee.*

Opinion Filed February 27, 1924.

This case was decided by Division B.

1. It is an established rule that a guardian *ad litem* cannot
   admit or waive anything adverse or prejudicial to the infant,
   and has no power to bind his ward by the admission or waiver
   'of anything. Mote v. Morton, 52 Fla. 548, 41 South. Rep. 607.

2. Questions of jurisdiction or proof by competent evidence of
   material issues or of procedure in accordance with estab-
   lished rules cannot, as against infant defendants, be waived.

An Appeal from the Circuit Court for Broward County;
E. C. Davis, Judge.

Reversed.

*Burdine & Small* and *S. D. McGill,* for Appellants;

*McCune & Weidling,* for Appellee.

WEST, J.—The appellee, Alice Henry, was the bene-
ficiary in a life insurance policy issued by the appellant,
Knights of Pythias, a corporation, upon the life of Pasco
Henry, her husband. The appellants Paul Brooks, an in-
fant, and ·Inez Brooks, an infant, are the beneficiaries
named in a subsequent policy issued by the insurer upon .
the life of Pasco Henry. The first policy was issued on
or about March 14, 1913. This policy was surrendered
and the second policy for a like amount issued on or about

August 20, 1921. The insured, Pasco Henry, died on September 25, 1921.

The object of the suit is to have the second policy, in which Paul Brooks and Inez Brooks, infants, are named as beneficiaries, declared null and void, the first policy, in which Alice Henry, complainant, was named as beneficiary, decreed to be in full force and effect, to enjoin the payment of the amount of the policy to Paul Brooks and Inez Brooks, infants, defendants, and to require its payment to Alice Henry, complainant.

The complainant, according to the allegations of the bill, rests her claim to the insurance upon an alleged agreement between herself and the insured, who was her husband, entered into at the time the original policy was issued, by the terms of which she agreed to and did then and thereafter contribute to the payments of the original and subsequent premiums on the policy, in consideration for which she was to be and continue the beneficiary, and she alleges that because of this agreement and payments made by her pursuant thereto, the surrender of this policy, which was without her knowledge or consent, and the issuance of the later policy, in which Paul Brooks and Inez Brooks, infants, are named as beneficiaries, were ineffectual to substitute as beneficiaries therein the said infants and defeat her alleged rights under the contract.

The defendants who are infants were served with process. There was a guardian ad litem appointed for them, who was also served with process. The interest of the infant defendants was submitted by answer to the consideration of the court, in which strict proof of the allegations of the bill of complaint was demanded. There was a decree pro confesso against the defendant Knights of Pythias, a corporation. Thereafter, on December 20, 1921, a master in chancery was appointed to take the testimony

in the cause. He proceeded on December 23, 1921, to take the testimony of the complainant and one other witness in her behalf, who was an officer of the local chapter of the order of Knights of Pythias. No testimony was offered on behalf of defendants. On December 26, 1921, the guardian ad litem of the infant defendants signed and filed a waiver of notice of the filing of the report of the special master and also waived hearing upon the report and exceptions to it. On December 28, 1921, a final decree was entered adjudging and decreeing the policy of insurance in which the defendants Paul Brooks and Inez Brooks are named as beneficiaries to be null and void, the policy in which the complainant, Alice Henry, was named as beneficiary to be in full force and effect, directing the defendant Knights of Pythias, a corporation, to pay over to the complainant the principal sum of the policy, and continuing in effect the temporary restraining order previously entered until the decree had been complied with. Subsequently, on February 23, 1922, on application of the defendants to set aside the final decree, the court expressed a desire "for further information before ruling on said motion to set aside said final decree," and entered an order allowing the infant defendants to present, within fifteen days, such evidence to the court as they might desire to present. Thereafter the decree was, on application of complainant, amended in respect not affecting the result.

The legal sufficiency of the bill was not tested. Proof of the alleged agreement by which complainant was to be the beneficiary of the insurance consisted of communications between herself and the insured, her deceased husband. Sec. 2705, Rev. Gen. Stats.

Infant defendants are entitled to the special protection of courts of chancery and a guardian ad litem cannot admit or waive anything adverse or prejudicial to them.

Mott v. Morton, 52 Fla. 548. 41 South. Rep. 607; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 231; Walker v. Redding, 40 Fla. 124, 23 South. Rep. 565; Walcott v. Weaver, 3 How. Prac. (N. Y.) 159. Questions of jurisdiction or proof by competent evidence of material issues or of procedure in accordance with established rules cannot, as against infant defendants, be waived.

The judgment is reversed in order that the question of whether the case is within the jurisdiction of a court of chancery may, by appropriate proceedings, be tested, and if so, whether provable in due course of procedure by competent evidence.

Reversed.

WHITFIELD, P. J., and TERRELL, J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.