SUSIE B. GRIMSLEY AS ADMINISTRATRIX ET AL., *Appellants*, v. PHIL ROSENBERG, ET AL., *Appellees*.

Opinion Filed October 19, 1927.

*Wilson, Housholder & Boyle* for Appellants;

No appearance for Appellees.

THOMAS, Circuit Judge:

On the 10th day of October, 1924, Phil Rosenburg filed in the Circuit Court of Seminole County, Florida, his bill of complaint seeking to foreclose a certain mortgage given by J. C. Grimsley and Susie Grimsley, his wife, to secure the payment of a promissory note for $1,850.00 which was due June 29th, 1924. It appears that subsequent to the execution of the note and mortgage and prior to the institution of the suit the mortgagee, J. C. Grimsley, died. Complainants in the bill of complaint alleged that there was no personal estate out of which the debts of J. C. Grimsley could be paid, consequently the foreclosure suit was main-

tained against the widow and minor heirs of deceased, as well as certain defendants claiming an interest in the mortgaged property junior to the claim of the complainant.

In the first assignment of error appellants question the order of the Circuit Court entered January 16, 1925, appointing an examiner to take and report the testimony in said cause. At the time of the appointment of the examiner no guardian *ad litem* had been appointed by the court and of course, as to the minor defendants, the cause was not at issue. The guardian *ad litem* was not appointed until February 3rd, 1925, and on the same day he qualified by taking the oath, and filed an answer on behalf of said minor defendants stating: ''that he has carefully examined the files in said cause and has referred to the records upon which the facts set forth in the bill of complaint are based, and that so far as he can learn from careful investigation from the matters set forth in the bill, the facts therein stated are true.''

Section 3135, of Revised General Statutes of Florida provides:

''Testimony to be taken after issue shall be taken upon commission as hereinbefore provided, or before an examiner to be appointed by the court, or orally before the court.''

There is clearly no occasion for the appointment of an examiner to take testimony upon the pleadings until an issue is presented, and in the instant case no issue was presented on behalf of the minor defendants until the answer of the guardian was filed. The appointment of a guardian *ad litem* is no empty formality. He is designated by the court for the definite and positive purpose of safeguarding the rights of his wards by filing such pleadings as may be necessary or appropriate, nor can it be anticipated that he will file an answer merely stating that he has

no defense to present. This Court has said in Parrish et al. v. Haas. 67 So. 868, that where it was made known to the Court that a party to the cause was an infant "it thereupon became the duty of the Court to see that the interests of the minor were protected" and that the Court under such circumstances "should have appointed a guardian *ad litem* and directed him to file such pleading as was necessary."

In Knights of Pythias et al. v. Henry, 99 So. 557, this Court decided:

"Infant defendants are entitled to the special protection of courts of chancery, and a guardian *ad litem* cannot admit or waive anything adverse or prejudicial to them. Questions of jurisdiction, or proof by competent evidence of material issues or of procedure in accordance with established rules cannot, as against infant defendants, be waived."

We think that the entry of the order appointing an examiner in this cause before the appointment of the guardian *ad litem* was erroneous.

By their second assignment of error appellants contend the final decree was erroneously rendered March 2, 1925, because the time for the taking of testimony had not expired. The answer of the guardian *ad litem* having been filed February third, time for taking testimony as to the minor defendants expired three months thereafter, or May third. Equity rule 71.

"It is an established rule that a guardian *ad litem* cannot admit or waive anything adverse or prejudicial to the infant, and has no power to bind his ward by the admission or waiver of anything." Mote v. Morton, 41 So. 607. See also Knights of Pythias et al. v. Henry cited above.

In view of these decisions we think this assignment is well taken.

The third assignment of error raises the question of the legality of the service of process on the minor defendants. The return of the sheriff is as follows:

"Received this writ on the 10th day of October A. D. 1924, executed same in Seminole County, Florida, on the 18th day of October 1924, by delivering a true copy thereof to Susie B. Grimsley, as Administratrix, and on her individually, and Claude Grimsley, Milton Grimsley, Dennie Grimsley, Willie Grimsley, J. F. McClelland and Joe Green at same time exhibiting this the original writ making contents therein well known to each of them. The within named Elizabeth Grobe and husband not found in Seminole County, Florida."

An examination of Section 1 of Chapter 7853, Acts of 1919, reveals the following language:

"The courts of this State shall obtain jurisdiction of minors when the original writ of subpoena in chancery or summons *ad respondendum* in common law actions, as the case may be, is served by reading the writ or summons to be served to the minors or minors to be served, and also to the guardian or other person in whose care or custody such minor or minors may be, or by delivery of a copy thereof to such minor or minors, and to his, her, or their guardian or other person in whose care or custody such minor or minors may be, and by further serving the writ or summons upon the guardian *ad litem* thereafter appointed by the court to represent said minor or minors; Provided that service of process on the guardian *ad litem* may be dispensed with where such guardian *ad litem* voluntarily appears in any proceeding in which he may have been appointed to act as guardian *ad litem* for any minor or minors."

While it is true that a guardian *ad litem* was appointed for the infant defendants in this case and filed an answer in their behalf, it does not appear from the sheriff's return

that any service of summons was had upon their "guardian or other person in whose care or custody such minor or minors may be."

The service of process was therefore invalid and this imperfection was not corrected by the answer of the guardian *ad litem*. The decree, in the absence of jurisdiction of the court, was void, as to such minors.

By their fourth and fifth assignments of error the appellants contend that the lower court erred in rendering its final decree because the examiner did not give notice of the filing of his report and because the report had not been on file for thirty days prior to the entry of the final decree. In support of this they cite Equity Rule Number 84;

"The master, as soon as his report is ready, shall return the same into the clerk's office, and the day of return shall be entered by the clerk in the order book. The parties shall have one month from the time of filing the report to file exceptions thereto; and if no exceptions are within that period filed by either party, the report shall stand confirmed on the next rule day after the month is expired, if not sooner confirmed by the special order of the judge or court. If exceptions are filed, they shall stand for hearing before the court upon reasonable notice by either party. And in order to prevent exceptions to reports from being filed for frivolous causes, or for more delay, the party whose exceptions are overruled, shall, for every exception overruled, pay costs to the other party, and for every exception allowed, shall be entitled to costs —the costs to be fixed in each case by the court or judge."

The evident purpose of the requirements that the master give notice of the filing of his report and that the report remain on file for thirty days is to allow parties to the suit to take exception to his findings.

Obviously in this case the strict adherence to those provisions was unnecessary, inasmuch as the examiner had no power to make findings, and there was nothing to which exceptions could have been taken.

In the sixth assignment of error it is pointed out that in the final decree the court did not determine the priorities of the interests of the defendants, J. F. McClelland, Mrs. Elizabeth Grobe, J. B. Smith and Joe Green. The bill of complaint alleges:

"Your orator would further show unto the Court that the defendants, Mrs. Elizabeth Grobe and ————— Grobe, her husband, whose residence is Orlando, Orange County, Florida; J. B. Smith, whose residence is Orange County, Florida; J. F. McClelland, whose residence is Seminole County, Florida, and Joe E. Green, whose residence is Seminole County, Florida, have or claim to have some interest in the aforesaid mortgaged premises, but your orator alleges that any interest they or any of them may have in said mortgaged premises is subordinate and inferior to the lien of your orator as herein set forth, and such interest, if any, of the said defendants, or any of them, is subject to the superior lien of your orator."

It no where appears in the report of the examiner that any testimony was taken relative to the outstanding claims of the defendants, J. F. McClelland, Mrs. Elizabeth Grobe, J. B. Smith and Joe Green. The Court, however, in its final decree found that all material allegations of the bill had been established by competent evidence and that the equities were with the complainant. A decree *pro confesso* had been entered against the defendants, McClelland, Grobe and Green, but the defendant Smith had answered denying that his interest in the mortgaged premises was subordinate to that of the complainant and to this answer complainant filed a replication. We think

that in these circumstances the entry of the final decree against J. B. Smith was erroneous.

The seventh assignment of error is predicated upon the delay in recordation of the final decree until nine days after first publication of notice of sale thereunder. The final decree was signed March 2nd, 1925, and provided that upon failure of the defendants, Susie B. Grimsley, individually, and as administratrix to pay the complainant within five days the amount adjudged to be due, the special master appointed in the final decree should sell the mortgaged property and should "give notice of the time and place of sale by publication once each week for four consecutive weeks." There is no statute in this State fixing the time of notice of sales in mortgage foreclosures, hence the conditions of the sale were necessarily determined in the final decree. The final decree did not become effective until it was recorded in the chancery order book.

"Signing and Recording of.—Decrees in equity may be signed by the judge when pronounced, and shall be recorded in the Chancery Order Book of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid." Sec. 3160, Revised General Statutes of Florida as amended by Chapter 8574, Laws of Florida, Acts of 1921.

This Court has held the provisions of this statute mandatory as quoted in Tompkins v. Tompkins, 112 So. 766, from Willmott v. Equitable Building and Loan Association, 44 Fla. 815, 33 So. 447.

" 'Decrees in equity may be signed by the judge when pronounced and shall be recorded upon the minutes of the court without any other enrollment. And no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded

as aforesaid.' This statute is mandatory in terms, and expressly prohibits the issuance of process, or other proceedings on any final decree or order, until signature and recordation thereof. It makes signature and recordation a full equivalent of enrollment under the English chancery practice, and limits the enforcement of the decree until those equivalent acts are performed. No court is authorized to disregard the mandatory language of a statute, and it follows that until signature and recordation of a final decree or order no proceeding can be had thereon.''

In the case of Tompkins v. Tompkins the question involved was failure to record an order appointing a special master, but the principle is the same and the curative act (Chapter 11992, of the laws of 1927), does not affect final decrees.

According to the certificate of the clerk, the final decree was filed for record March fourth and was recorded March thirteenth. The latter date is the one upon which the decree became effective. See Phillips v. Howell, 88 So. 126. We therefore conclude that confirmation of the master's report was error, the requirement in the final decree as to the time for publication of the sale not having been complied with.

We do not, however, think the court erred in confirming the master's report simply because publication of the notice of master's sale was begun before the redemption period elapsed. The defendants were allowed five days in which to pay the amount due and were not deprived of their right to so redeem by the act of the special master in inserting his advertisement in the newspaper. Nor do we find anything to show that any effort was made on the part of the defendants to redeem the property involved.

The ninth assignment of error is a general one and we can add little in discussion thereof that has not been in-

cluded in our remarks on the first eight assignments of error.

For the reasons given in this opinion the decree of the Circuit Court is reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause be, and the same is hereby, reversed.

Reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J, J., concur.