STATE, *ex rel.*, HARRY D. RAULERSON, v. D. H. SLOAN, JR., Clerk Circuit Court, Polk County.

184 So. 128.
Division A.
Opinion Filed October 25, 1938.

*W. S. Rodgers, Jr.*, for Relator;
*Carver & Langston*, for Respondent.

BUFORD, J.—This matter is before us on petition for alternative writ of mandamus to compel the Clerk of the Circuit Court in and for Polk County, Florida, to receive and place in the registry of the Court the amount due on a certain described lot involved in proceedings to foreclose delinquent taxes, interest and penalties thereon, and the proportionate share of expense, attorneys' fees and costs of the suit as have been fixed by the Court in its decree of sale, upon the theory that the sale was void because, as it is alleged, "That the said sale or purported sale of the property was invalid and void in that the Special Master in Chancery offered the same for sale and undertook to sell the same on December 17th, 1934, and not on the first Monday of a month as provided for in Section 4523 of the C. G. S. of the State of Florida."

The petition shows that the tax was duly levied and assessed; that foreclosure proceedings were lawfully instituted and carried through to completion, except that the sale was ordered by the court on a day other than a rule day; that the sale was confirmed and Master's Deed issued.

So the question presented by the petition is, Whether or not a sale under foreclosure of delinquent tax certificates under the provisions of Chapter 15038, Laws of Florida, Acts of 1931, may be under order of court held and consummated on a day other than a rule day. The sale was held pursuant to order of court on December 17th, 1934. Section 1 of Chapter 15038, *supra,* provides:

"The lien of any and all taxes, tax certificates and special assessments heretofore or hereafter imposed by any incorporated city or town in the State of Florida upon real estate may be foreclosed by such city or town by suit in chancery. The practice, pleadings and procedure in any such suit shall be in substantial accordance with the practice, pleadings and procedure for the foreclosure of mortgages of real estate except as herein otherwise provided."

The pertinent part of Section 5 of Chapter 15038, *supra.* provides:

"Any such decree shall direct the Special Master thereby appointed to sell the several parcels of land separately to the highest and best bidder for cash (or, at the option of complainant, to the extent of special assessments included in such judgment, for bonds or interest coupons issued by complainant), at public outcry at the court house door of the county in which such suit is pending, or at such point or place in the complainant municipality as the court in such final decree may direct, after having advertised such sale (which advertisement may include all lands so ordered sold) once each week for two consecutive weeks in some newspaper published in the city or town in which is the complainant or if no such newspaper, in a newspaper published

in the county in which the suit is pending, and if all the lands so advertised for sale be not sold on the day specified in such advertisement, such sale shall be continued from day to day until the sale of all such land is completed, such sales shall be subject to confirmation by the Court, and said Special Master, shall upon confirmation of the sale or sales, deliver to the purchaser or purchasers at said sale a deed of conveyance of the property so sold; provided, however, that in any case where any lands are offered for sale by the special master and the sum of the tax, tax certificates and/or special assessments, interest, penalty, costs and attorney's fee is not bid for the same, the complainant may bid the whole amount due and the special master shall thereupon convey such parcel or parcels of land to the complainant and the property so bid in by complainant shall become its property in fee simple and may be disposed of by it in the manner provided by law, except that in the sale or disposition of any such lands the city or town in its discretion, accept in payment or part payment therefor any bonds or interest coupons constituting liabilities of said city or town."

In 35 C. J. 34, Section 45, it is said: "From its nature a judicial sale is one that is made *pendente lite*. The time of sale is sometimes fixed by statute or by the decree and should, of course, be fixed by the decree when a statute so requires. Where the time of sale is fixed by statute a material departure therefrom by the officer renders the sale void. But insofar as he is not restricted by law or the order of the court, the officer conducting the sale may exercise a reasonable discretion as to the time thereof,"

And, in 23 C. J. 615, Section 550, it is said: "An execution sale is a sale of property by a sheriff or his deputy, in virtue of his authority as an officer holding process. It is to be distinguished from a judicial sale in that in an execution sale the sheriff gets his authority by virtue of the execu-

tion and is guided in the sale by the law rather than by the court, and the sale requires no confirmation unless the statute so provides, whereas in a judicial sale, the court controls acting through the person appointed to make the sale as through an agent and the sale is not, as a rule, complete until confirmed by the court. It is further distinguished from a judicial sale in that an execution sale is held to be within the provision of the statute of frauds requiring a memorandum or agreement to be made in writing and signed by the parties, while a judicial sale is not within such provision." * * *

In 19 R. C. L. 570, Section 381, it is said: "381. Control of Court; by Whom Sale Made; Notice Generally.—Mortgage sales will be controlled by the court so that no injustice will be done either party, and the appointment of a person to make such a sale rests in the sound discretion of the trial court, subject to review only in case of abuse of such discretion. A sheriff or his deputy may be authorized to carry a decree of foreclosure into execution; and in such case the authority of the officer is derived from the decree and not from the order of sale issued by the clerk of the court. Furthermore, the trial court has the power in a foreclosure suit to appoint some proper disinterested person, other than the sheriff of the county, as master commissioner, to make the sale of the mortgaged premises. The plaintiff cannot dictate the person. But a sale by an officer unauthorized by the decree, is a nullity and it is doubtful if a court can make it valid by a mere general order of confirmation. The object of a notice of sale is to inform the public of the nature and condition of the property to be sold, and of the time, place and terms of the sale. Notices are given for the purpose of securing bidders, and to prevent a sacrifice of the property. If these objects are attained, immaterial errors and mistakes will not affect the sufficiency of the notice."

So now we come to consider whether or not there is any statute in this State which requires sales under foreclosure decrees to be made on rule day, which brings us to the consideration as to whether or not Section 2836 R. G. S., 4523 C. G. L., reading as follows:

"All sales of property under legal process shall take place between the hours of 11 o'clock in the forenoon and 2 o'clock in the afternoon of the first Monday in every month, and shall continue from day to day until such property be disposed of," applies to sales under decrees of foreclosure. To determine this question, it is necessary to follow the history of the Act. The Legislature of 1844 passed a statute entitled "An Act to Amend the Execution Laws." Section 3 of that Act provided as follows:

"Sec. 3. Be it further enacted: That sales of property under execution or other process, shall not be made except in the months of December, January, February and March; *Provided,* the defendant or defendants in execution or other process; will, before the sale, enter into good and sufficient security, payable to the plaintiff to be approved by the property officer in a sum double the value of the property replevied, which value shall be fixed by the officer holding the execution, conditioned for the forthcoming of the property replevied on a day of sale to be designated in said bond."

It will be observed that this applied only to such process as came within the purview of the purpose of that Act.

We next find the Act included as Section 13 of Chapter 102 of McClellan's Digest, which chapter dealt with executions. The provisions of Section 13 were as follows:

"Sec. 13. The legal days of sale in this State as well for real as personal property, except as provided for in the preceding section, shall hereafter be the first Monday in every

month, and shall continue from day to day until such property be disposed of."

In 1881 the Legislature passed an Act to amend sections 20 and 21 of Chapter 71, Laws of Fla., and in that Act provided by section 2 thereof, as follows:

"That section 21 of Chapter 71, Laws of Florida, be amended so as to read as follows: The legal days of sale in this State as well for real as personal property, except as provided for in the preceding section, shall hereafter be the first Monday in every month, and shall continue, from day to day until such property be disposed of."

·. Section 1 of the Act deals entirely with sales under execution.

Section 2836 R. G. S. is hereinbefore quoted and, so far as we have been able to find, there has never been an adjudication that this provision applied to sales under decrees of foreclosure. Neither has there been any statute fixing the time of notice of sale in mortgage foreclosures, while statutes do provide for time of sale under other process.

In Grimsley v. Rosenberg, 94 Fla. 673, 114 Sou. 553, we held:

"The seventh assignment of error is predicated upon the delay in recordation of the final decree until nine days after first publication of notice of sale thereunder. The final decree was signed March 2nd, 1925, and provided that upon failure of the defendants, Susie B. Grimsley individually, and as administratrix to pay the complainant within five days the amount adjudged to be due, the special master appointed in the final decree should sell the mortgaged property and should 'give notice of the time and place of sale by publication once each week for four consecutive weeks.' *There is no statute in this State fixing the time of notice of sales in mortgage foreclosures, hence the conditions of the sale were necessarily determined in the*

*final decree.* The final decree did not become effective until it was recorded in the chancery order book." (Emphasis supplied).

The petition for alternative writ of mandamus does not show any lack of notice or complain of any infirmity in connection with the proceedings and sale under foreclosure decree except that under order of the court the sale was held on a day other than a rule day.

We hold that this was a matter which was within the discretion and control of the chancellor and that, absent abuse of such discretion which might be taken advantage of on appeal, a sale made pursuant to decree on a day other than a rule day will not void the sale.

Having reached this conclusion, it follows, that the petitioner has not made it to appear that he is clearly entitled to have a writ of mandamus coercing the Clerk to perform the act sought to be required, nor has he made it clearly to appear that it is the duty of the Clerk to perform such act.

Therefore, the petition for alternative writ of mandamus is denied.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.