TERRELL, Justice.
Appellant as plaintiff exhibited his complaint against Geraldine Goodwill, a minor, eight years of age, the material part of which charged that said minor did willfully, deliberately, intentionally and maliciously grasp a swinging door in the lobby of the Gaylord Hotel in Miami Beach where plaintiff was an employee and did swing the door with such great force and violence against the plaintiff that the middle finger on his left hand was caught in the door' and a portion of said finger was caused to be instantaneously severed and fell to the floor.
As- codefendants the plaintiff named Mr. and Mrs. Albert Goodwill, father and mother of said minor, charging that they knew of the dangerous tendencies and wanton propensities of their child but which they carelessly and negligently failed to restrain. The complaint was twice amended, but was dismissed each time, the order dismissing the second amended complaint stating:
“The Court being of the opinion that the material facts as alleged in the plaintiff’s Complaint and Amended Complaint did not charge any actionable negligence to the defendants, and being of the further opinion that the material facts as alleged in the Complaint and Amended Complaint heretofore filed, create a bar to any action by this plaintiff against these defendants arising out of the incident complained of, final judgment is entered in favor of defendants Albert Goodwill, Mrs. Albert Goodwill and Geraldine Goodwill, a minor, and against the plaintiff, Julius Gissen.”
From said order of dismissal the plaintiff appealed.
The defendant minor moves to dismiss, the appeal because of failure to appoint a guardian ad litem to represent her. '
It does appear from the exhibits attached' to the minor’s motion to supplement the record that no guardian ad litem was appointed to represent her. Service of process was secured on her by serving summons, ad respondendum and copy of complaint on the infant defendant’s mother, Mrs. Albert Goodwill, as guardian and the person in whose care and custody the minor was at, the time of the service of process.
Section 47.23, Florida Statutes, F.S.A.,. provides that jurisdiction over a minor defendant may be secured in common law actions by serving the original summons *87 ad respondendum upon the minor by reading said summons to the minor and to the guardian or other person in whose care or custody the minor may be, or by delivery of a copy of the summons to the minor and to his guardian or other person in whose care or custody the minor may be, and by further serving the writ or summons upon the guardian ad litem thereafter appointed by the court to represent said minor.
The motion to dismiss raises for the first time the question of whether or not Section 47.23, Florida Statutes, F.S.A., was complied with in making service on the minor defendant. Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553, and Wise v. Wise, 134 Fla. 553, 184 So. 91, treat the question and hold that the service on the minor is invalid unless the statute is complied with. See also McDermott v. Thompson, 29 Fla. 299, 10 So. 584, and Thompson v. McDermott, 19 Fla. 852, where this view is fortified. Some of these cases hold that the defect in service is not cured by waiver or by appearing generally.
Since no guardian ad litem was appointed to represent the appellee, Geraldine Goodwill, a minor, it follows that the lower court had no jurisdiction, nor does this court have jurisdiction, over the person of said minor defendant. The motion to dismiss the appeal as to her is granted, but without prejudice to the plaintiff-appellant’s right to reinstate the cause in the court below as to said defendant, secure the appointment of a guardian ad litem to represent the infant defendant, and make service on such guardian ad litem as the law requires. The motion of the infant defendant to supplement the record to show that summons was not served on a guardian ad litem and that no such guardian was appointed is granted.
Jurisdiction of the appeal as to the remaining defendant-appellees (the parents of the infant defendant) is retained for consideration of the question of the merits of the cause of action stated by the plaintiff-appellant against such defendants at such time as this question is properly presented.
It is so ordered.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.