THOMAS, Chief Justice.
The court granted a writ of certiorari to review the decision of the District Court of Appeal, First District, Mitchell v. Brown, Fla.App.1959, 114 So.2d 178, which apparently conflicted with a decision of this court in Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553, dealing with the same point of law. Sec. 4, Art. V of the Constitution as amended 6 November 1956, F.S.A.
The petitioner, Georgia Olena Brown, filed in the circuit court a suit to establish a constructive trust in certain real property. It was alleged that L. L. Davis, petitioner’s ward, became the owner of the land in 1936 and that he had been adjudged incompetent in 1940. In the earlier year the owner had signed a note and, joined by his wife, had executed a mortgage on the property to secure payment of the debt. There is no record of a guardian for L. L. Davis having been appointed before the eventual suit to foreclose the mortgage.
In 1943 the suit to foreclose was instituted and, according to the return, process was served “by delivering a true copy of this summons in chancery to the within named defendant [sic]
L. L. Davis
Anne Davis
* * * and at the same time exhibiting the original of such summons to such defendant [sic].”
*386 The petitioner, Georgia Olena Brown, later appointed guardian of L. L. Davis, and plaintiff in the present litigation, secured a summary decree based on the assertion that L. L. Davis had not been served as required by Sec. 47.25, Florida Statutes 1941, F.S.A., and therefore the court had not in the foreclosure suit acquired any jurisdiction of him. The court directly held the service defective and the decree in the foreclosure suit and all proceedings subsequent to it null and void.
Before going to the opinion of the District Court of Appeal disposing of the summary final decree, we examine the relevant provisions of Sec. 47.25, supra. It provides that in chancery cases the courts shall obtain jurisdiction of insane persons and weak-minded persons for whom guardians have been appointed, when the original summons is served by reading the writ to the insane or incompetent person “and also to the guardian or other person in whose care or custody * * * [he] may be,” or by delivering a copy of the writ to such person “and to his guardian, or other person in whose care or custody [he] may be * * *.”
It was necessary, then, either to read the summons to the incompetent and his guardian or custodian or to deliver to each of them a copy.
On the face of the return we have quoted, it appears that the summons was executed by delivery of one copy to the two mortgagors who had become defendants and by exhibiting to them the original so the statute was followed to a degree. In other words, the service was such as would have been made in ordinary circumstances to one defendant when incompetency of any party was not existent. There was no service on a guardian for the simple reason that none had been appointed. But there was, judging by the return, no attempt to serve any “other person in whose care or custody” the incompetent was at the time.
When this phase of the case was pondered by the District Court of Appeal it was held that there was no defect in the service simply because only one copy of the summons was handed to the “defendant” and it was commented, with considerable logic, that the delivery of two copies, one to- the defendant Anne Davis, and one to her as custodian, would not have given her any further information than that conveyed by the delivery of one.
The court then observed that the custodian had no authority or responsibility to defend the action and that the only purpose of service upon her was to give notice of the action without making her an actual party to the suit. The court concluded that service on L. L. Davis “was not defective by failure to serve an additional copy of the summons on Annie Davis.” This would appear to mean that service on the competent was considered to have been effected and the competent to have received sufficient information about the litigation although she was at the time powerless to act on behalf of the incompetent, but there does not seem to this court to have been any semblance of service on the incompetent, himself.
The decision of this court in Grimsley v. Rosenberg, supra, with which the decision of the District Court of Appeal is now said to conflict, was not mentioned in the opinion of that court.
The essential features of the law construed in Grimsley y. Rosenberg, supra, Sec. 1 of Chapter 7853, Acts of 1919, although applying to minors, are the same as those in Sec. 47.25, supra, affecting insane and weak-minded persons. Actually the provisions are verbatim if the words “insane and weak-minded persons” and “minors” are interchanged.
In the cited case it was shown by the sheriff’s return that the writ was executed by delivering a true copy to Susie B. Grimsley, individually and as administra-trix, and to other named persons and by making the contents known to each of *387 them. There was no indication that the others were minors or statement of their relationship to Susie B. Grimsley. In that respect there is no difference between the return in that case and the return in the present one. The respondents argue that there should be a distinction between the two decisions because one dealt with a statute with reference to minors, the other with reference to insane or weak-minded persons, but for the reasons already given we cannot recognize the distinction.
If, as the District Court of Appeal said, service on L. L. Davis was not defective inasmuch as Anne Davis could have got no additional information from a second copy of the writ, the same rule would have applied to Susie B. Grimsley. And to carry the reasoning a step farther, if it is only a matter of giving the custodian information, the requirement of the statute that there should be service on the incompetent as well as the competent who had him in custody would become superfluous.
Such a position is not justified since the decisions of this court definitely hold that statutes like Sec. 47.25, supra, must be strictly followed. Gissen v. Goodwill, Fla., 74 So.2d 86, and cases cited therein. See also 10 Miami Law Quarterly 426; Drake v. Wimbourne, Fla.App., 112 So.2d 27.
Strict construction will not permit ignoring the requirement of service on the incompetent in addition to service on the one having him in custody. The service on both suggests duplication but it is a duplication commanded by the law.
We are unable to harmonize the decisions in Grimsley v. Rosenberg and Mitchell v. Brown, as guardian, both supra, so we are impelled to sustain the writ of certiorari and quash the decision of the District Court of Appeal.
TERRELL and HOBSON, JJ., and GILLIS, Circuit Judge, concur.
DREW and ROBERTS, JJ., and FUSSELL, Circuit Judge, dissent.