DREW, Justice
(dissenting).
I do not agree that any conflict exists between the holding of the district court in the instant case and the holding of this Court in Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553. It is admitted in the instant case that, at the time of the service of process, L. L. Davis was an incompetent in the custody of his wife, Anne Davis. Moreover, the district court held, and I am entirely in accord with that view, “[wjhile it is true that the sheriff’s return did not state that it served a copy of the summons on the defendants L. L. Davis and Anne Davis, severally, the plain import of the return is that this was done.” [114 So.2d 181.] This conclusion of the district court, coupled with the provision of the statute that service of such a summons is effected by “delivery of a copy thereof to such insane or incompetent person and to his guardian, or other person in whose care or custody such insane or incompetent person may be, * * * ”[1] clearly distinguishes the instant case from Grimsley v. Rosenberg, supra, where the holding of this Court turns squarely on the proposition that, and we quote directly from the opinion, “ * * * it does not appear from the sheriff’s return that any service was had upon their ‘guardian or other person in whose care or custody such minor or minors may be.’ The service of process was therefore, invalid. * * * ” [94 Fla. 673, 114 So. 554.] There being no conflict between these two decisions,[2] *388 we have no jurisdiction to entertain this petition for certiorari. Moreover, on the merits I think the district court’s opinion is eminently correct and in accordance with the holding of previous decisions of this Court cited in the opinion.
I, therefore, respectfully dissent and would discharge the writ as having been improvidently issued.
ROBERTS, J., and FUSSELL, Circuit Judge, concur.

. The guardian ad litem appointed by the court filed an answer, thereby eliminating the requirement of a service of such summons upon the guardian. See para. 47.25 (2), JT.S.1957, F.S.A.

. Ansin v. Thurston, Fla.1958, 101 So.2d 808.