CARROLL, DONALD K., J.
This interlocutory appeal marks the second appearance of this case in this court. On the initial appeal the sole question presented for our determination was whether the Circuit Court for Bay County had erred in entering a summary final decree for an incompetent in this suit brought by his guardian seeking to set aside a final decree of foreclosure which that court had entered in 1943 against certain properties owned by the incompetent, on the ground that the service of process in that earlier suit was insufficient under § 47.25(2), Florida Statutes, 1941, F.S.A., in that the sheriff’s endorsement on the summons failed to show that a copy had been delivered to the “person in whose care or custody such insane or incompetent person may be * *
This court held that the entry of the summary final decree was erroneous, Mitchell v. Brown, Fla.App.1959, 114 So. 2d 178, but on petition for certiorari granted, the Supreme Court of Florida quashed our decision and held that strict compliance with § 47.25, supra, is required when service of process is sought to be had upon an incompetent. Brown v. Mitchell, Fla. 1960, 119 So.2d 385. Upon receipt of the mandate from the Supreme Court of Florida, its opinion was substituted for ours and our mandate was issued on May 16, 1960, returning jurisdiction of the cause to the Circuit Court.
On May 19, 1960, the appellant in this case moved for leave to amend the return of execution of process to state the truth as allegedly .revealed in the deposition of the deputy sheriff who had served the process in 1943, upon the incompetent and his wife, in whose custody and control he was at that time. This motion was based upon § 47.47 Florida Statutes 1959, F.S.A., which provides for such amendment “at any time”.
In ruling upon this motion the chancellor held that he was without authority or jurisdiction to entertain any proceedings to amend the sheriff’s return because the decision of the Supreme Court of Florida in Brown v. Mitchell, supra, is res judi-cata on this question. This assumption is erroneous because the question of amending the return of execution of process was not before this court in Mitchell v. Brown, supra, nor before the Supreme Court on certiorari. For this reason, we reverse the order appealed from and remand this cause for further proceedings *10 in accordance with the views expressed herein.
It should be noted that this opinion is confined to the authority and jurisdiction of the chancellor to entertain the motion to amend the return of execution of process and does not treat the propriety of granting or denying this motion on the merits. This is necessary because the chancellor has not yet considered the motion on the merits and any expression here would be both premature and dictum.
Reversed and remanded.
WIGGINTON, Chief Judge, and STURGIS, J., concur.