C. M. SLAUGHTER and SECURITY MORTGAGE INVESTMENT COMPANY, et al., *Appellants,* vs. HARRY ABRAMS, *Appellee.*

Division A.

Opinion filed March 13, 1931.

*Kay, Adams, Ragland & Kurz, W. A. Pattishall* and *Newell & Boyer,* for Appellants;

*Peterson, Carver, Langston & O'Quin,* for Appellee.

PER CURIAM.—One A. E. Waller was made defendant in a bill of complaint to foreclose a mortgage. An order of publication was made directed to Waller. The order of publication was based upon the following allegation contained in the bill of complaint:

"Your orator would further show unto the Court that the address of A. E. Waller, other than .... .... New York State, is unknown to your orator, but your orator alleges that he is over the age of twenty-one years, and that there is no one in the State of Florida known to your orator service of subpoena upon whom would bind said defendant."

After the order was published and proof thereof was filed decree pro confesso was entered against Waller. Thereafter, final decree was entered. From the final decree appeal was taken.

The allegation in the bill was insufficient to constitute a basis for constructive service by publication. Ortell vs. Ortell, 91 Fla. 750, 107 Sou. 442; Thompson vs. Thompson, 94 Fla. 1046, 115 Sou. 496. The affidavit to constitute the basis for constructive service by publication must substantially comply with the statute.

It follows that no valid decree pro confesso, or final decree, could have been entered against Waller as he did not appear in the cause. It has been held by this Court that it is irregular and improper practice to refer a suit in chancery to a master for the purpose of taking testimony therein before all the issues are properly made up. Worley et al. vs. Dade County Security Co., 52 Fla. 666, 42 Sou. 527; Sarasota Ice, Fish & Power Co. et al. vs. Lyle Co., 53 Fla. 1069, 43 Sou. 206; Grimsley et al. vs. Rosenberg, 94 Fla. 673; 114 Sou. 553.

An appeal from the final decree brings up for review

all prior orders. The order of reference having been prematurely made and having been made at a time when one of the defendants named in the bill was not before the court, the making of such order constitutes reversible error. This error likewise obtains as to the decree pro confesso and the final decree. There are many assignments of error based upon matters *in pais* and upon the final decree, but we think it inappropriate for the Court to go into a discussion of those matters at this time.

For the reasons stated, the decree appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this order. It is so ordered.

Reversed and remanded.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.