DREW, Justice.
On October 2, 1952, plaintiffs in the lower court, appellants here, some 28 in' number, filed a complaint for partition of forty acres of land alleging in substance that they and each of eleven named defendants, except defendants L. A. Dicks and L. N. Bailey, had an interest in the land by reason of being heirs of Anderson Rountree, Sr., and his wife Rachel, but that certain of the defendants were claiming the whole of the land and had purported to lease a portion thereof to Dicks-, who had assigned the lease to Bailey. Plaintiffs prayed for determination of the *795 respective interests of the parties for-partition thereof with an accounting for rents from said lease, and for other relief.
On February 10, 1953, Alex Rountree, Jr., and his wife, Essie Rountree, Eddie Rountree and his wife Gladys Rountree, L. A. Dicks, and L. N. Bailey, six of the defendants below, appellees here, jointly filed an answer in the cause and also filed separately a motion to dismiss the' complaint. Without a ruling having been obtained on the motion to dismiss, the same defendants, on May 12, 1953, filed another motion" to dismiss the complaint on the grounds that, “Defendants’ answer was filed February 10, 1953, at which time issue was joined. * * * Time for taking testimony expired on April 10, 1953, and no effort was made in behalf of the plaintiffs to extend the time.”
On May 25, 1953, pursuant to this latter motion, the court entered the following final decree:
“This cause came on to be heard upon certain of the defendants’ motion to dismiss filed May 11, 1953, for failure of plaintiffs to take testimony within the time provided by law. The answer in said cause was filed February 10, 1953, and the Court deems it at issue ten days thereafter. Within the ten day period plaintiffs filed motion to strike certain portions of the answer.
“The Court considered the motion to dismiss filed May 11, 1953, as being in the nature of a motion for decree on bill and answer, and the time for taking testimony having long since expired, and neither party having asked for additional time in which to take testimony, or having shown good cause for the extension of time, the Court is of the opinion that the motion should be granted and the cause dismissed.
“It is, thereupon, Ordered, Adjudged and Decreed that this cause be and the same is hereby dismissed, with prejudice, at the cost of the plaintiffs.”
En addition to the motion to dismiss filed on February 10, 1953, there was pending at the time of the entry of' the final decree various motions by plaintiffs and other defendants. We further observe that at the time of the decree, neither the defendant Mamie Rountree, who was insane but represented by guardian ad litem appointed by the Court October 29, 1952, nor the defendant Nina Parnell Cole, who was represented by counsel of record, had filed answers in the cause.
Aside from the matter of entry of the above decree for failure to take testimony, while yet was pending and,undis-posed of a motion to dismiss (see Storm v. Floughton, 156 Fla. 793, 24 So.2d 519), we think it was clearly error to determine the cause was at issue before either an answer had been.filed or a decree pro confesso had been entered as to each of the defendants. The defendants Mamie Rountree and Nina Parnell Cole were necessary parties to the partition action. Lovett v. Lovett, 93 Fla. 611, 112 So. 768. Until all of the defendants had filed answers or had decrees pro confesso entered against them, the cause was not at issue, and the, plaintiffs could not be entitled to an order of reference for the taking of testimony. See Grimsley v. Rosenberg, 94 Fla. 673, 114 So. 553; Slaughter v. Abrams, 101 Fla. 1141, 133 So. 111.
The Rosenberg case was a mortgage foreclosure wherein all defendants had answered or defaulted, except certain minor defendants, at the time an order of reference was entered. In declaring that phase of. the procedure to be error, this Court stated [94 Fla. 673, 114 So. 554], “There is clearly no occasion for the appointment of an examiner to take testimony upon the pleadings until an issue is presented, and in the instant case no issue was presented on behalf of the minor defendants until the answer of the guardian was filed.”
The Abrams case was a mortgage foreclosure action wherein constructive service of process upon one of the defendants was defective; After observing that the purported service could not support the decree pro confesso entered, this Court stated [101 Fla. 1141, 133 So. 112], “it is ir *796 regular and improper practice to refer a suit in chancery to a master for the purpose of taking testimony therein before all the issues are properly made up.”
Whether the cause here was at issue under Equity Rule 39, 31 F.S.A., as between the appellants and the appellees, ten days from the filing of the answer, is really not the point here at all. This rule obviously relates to the question of when the cause is at issue between the plaintiff and the defendant or defendants filing the answer.
The real question arises under Equity Rule 46, which provides that “two months from the time a cause is at issue and no longer shall be allowed for the making [taking] of testimony in any cause, * * (Emphasis supplied.) This rule obviously refers to the time the cause is at issue, and for the cause to be at issue, the issue must appear to have been made up between all of the parties, except those against whom decrees pro confesso have been entered. Where there are many defendants, some may immediately file answers, whereas others, for numerous reasons, may be difficult to serve with process, or, if immediately brought into the litigation, may consume much time in preliminary proceedings before filing an answer. It was never intended that one of numerous defendants could, by merely filing an answer, start, the time running within which the plaintiff must prove his case.
In the instant case the cause was not at issue even at the time of entry of the final decree. For this reason the decree of the court appealed from deprived the plaintiffs of a fair opportunity to present their case on its merits, and constituted reversible error.
Appellees cross-assigned error in the court’s failure to conclude the plaintiffs’ action on grounds of res adjudicata. The decree upon which this contention rests was one of dismissal entered July 8, 1952, and which expressly provided that it was “without prejudice to the rights of the plaintiffs or any of them to institute a new suit as may be deemed advisable, * * *” Without question that decree of dismissal “without prejudice” settled no rights of the parties and was no bar to the subsequent action. Compare Field v. Field, Fla., 1953, 68 So.2d 376.
The decree appealed from is reversed with directions to permit the parties to1 proceed in accordance with the views herein expressed.
ROBERTS, C. J., THOMAS, J., and WISEHEART, Associate Justice, concur.