HORTON, Judge.
This appeal is from two final decrees favorable to the appellee-defendants consequent upon the granting of their motions for decree on bill and answer, pursuant to Rule 3.13, Florida Rules of Civil Procedure, 31 F.S.A. City of Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799. We conclude from a review of the record that the final decrees were improperly entered and should be reversed.
One of the three original defendants in this cause failed to file an answer to the complaint. The appellant moved for the entry of a decree pro con-fesso on May 6, 1957 against the defaulting defendant; however, nothing was done in regard to this motion until after the motions for decree on bill and answer were filed. A cause is not at issue within the meaning of Rule 3.13 so long as there remains an undisposed of motion for decree pro confesso. A litigant can only benefit from the rule when issues have been created by a complaint and an answer thereto, or a decree pro confesso has been duly entered. See Rountree v. Rountree, Fla. 1954, 72 So.2d 794.
In addition to the appellant’s contention that the cause was not at issue upon the pleadings, a second question is raised regarding the significance of orders entered prior to the decrees appealed, one of which set the cause for trial on a day certain and a succeeding order which “continued the final hearing to a date certain to be set by the court in the future”. In view of our conclusions on the first point raised by the appellant, it becomes unnecessary for us to consider the appellant’s second question.
Accordingly, the decrees appealed from are reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.