325 So.2d 475 (1975)
DATA LEASE FINANCIAL CORP., Appellant,
v.
BLACKHAWK HEATING & PLUMBING CO., INC., an Illinois Corporation, and Andrew Machata, Appellees.
BLACKHAWK HEATING & PLUMBING CO., INC., and Andrew Machata, Appellants-Petitioners,
v.
DATA LEASE FINANCIAL CORP. et al., Appellees-Respondents.
Nos. 75-323, 75-1564.
District Court of Appeal of Florida, Fourth District.
December 12, 1975.
Rehearing Denied January 30, 1976.
*476 Robert T. Scott, Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for appellant-appellees-respondents.
F. Kendall Slinkman, Farish & Farish, and John A. Gentry, III, Moyle, Gentry, Jones, Flanigan & Groner, West Palm Beach, for appellees-appellants-petitioners.
WALDEN, Chief Judge.
These are consolidated interlocutory appeals. We deal first with Appeal No. 75-323, in which Data Lease Financial Corp., the defendant in the trial court, appeals the referral of the cause to a Special Master. Historically, Data Lease had prevailed in the trial court when that court refused to grant plaintiff Blackhawk's request for specific performance of a certain option agreement. This court affirmed in 287 So.2d 118 (4th DCA Fla. 1973); the Supreme Court reversed in 302 So.2d 404 (Fla. 1974), and remanded to the trial court "... for the purpose of determining the rights of the parties under the contract." Upon remand, plaintiff Blackhawk filed a motion to comply with mandate, and hearings on that motion resulted in the referral to a Special Master now being appealed by defendant *477 Data Lease. We reverse that order of referral with respectful directions that the trial court make such order, if it wishes, after the cause is at issue.
Data Lease argued persuasively that the cause is not yet at issue, and so the referral is premature, citing to 28 Fla.Jur., References § 34 (1968):
"Masters in chancery are appointed by order of the court only after all the issues are properly made up...." Id. at 115.
and Rountree v. Rountree, 72 So.2d 794 (Fla. 1954):
"Until all of the defendants had filed answers or had decrees pro confesso entered against them, the cause was not at issue, and the plaintiffs could not be entitled to an order of reference... ." Id. at 795.
Florida Rule of Civil Procedure 1.440(a) provides, with regard to the time at which a cause is to be considered at issue:
"An action is at issue after any motions directed to the last pleading served have been disposed of or if no such motions are served, 20 days after service of the last pleading."
When the court referred the cause to a Special Master there had been no responsive pleadings to an amended complaint entered by plaintiffs. That amended complaint, permitted by the trial court, added as parties defendants the First National City Bank and an individual, Mr. Roy Talmo. The defendant First National City Bank had not been served with a summons or a copy of the amended complaint before the order of reference was entered, and Mr. Talmo was served on the very day the order of reference was entered. As the defendants had had no opportunity to respond to the amended complaint, the cause was not literally at issue. Plaintiffs concede this fact, but urge that the issues were "formed" by past pleadings. This contention cannot be approved as the fact remains that the two new defendants had no opportunity to be heard prior to the entry of the order of reference.
Further, the amended complaint is based on new facts, including, as it does, new parties. The appealed order shows the Master has been directed to consider and make findings concerning transactions between Mr. Talmo and First National City Bank. It is not proper that such an order be entered before all pleadings on these issues are had.
Defendant Data Lease has also objected to the scope of the reference order. While our remarks on this account are dicta and totally gratuitous inasmuch as we have just said the whole order was premature, we academically comment nonetheless. We do so in the hope that our view may be of some assistance to the parties and trial court and perhaps contribute to speeding the ultimate disposition of this prolonged litigation. We find the reference order to be proper in scope. Defendant objected to that paragraph of the reference order requiring the Special Master to ascertain what benefit Data Lease or Roy Talmo has received by its use of the Miami National Bank funds, the profit total, indirect or direct, derived from Data Lease's ownership of Miami National Bank stock and the increase in net income (or decrease in net loss) to Data Lease on both cash and accrual basis as a result of any of certain enumerated transactions between Data Lease and First National City Bank. Defendant cited to Slatcoff v. Dezen, 74 So.2d 59 (Fla. 1954), for the proposition the reference order was an improper delegation of the trial court's duty to determine the case  as the essence of the controversy is the amount due from Blackhawk to Data Lease in order to obtain a transfer of the bank stock to Blackhawk. In Slatcoff v. Dezen, supra, the court held in accord with various textbook authorities that, except upon the agreement of both parties, a reference to a Master should not encompass all issues, both fact and law. We agree with that *478 premise but are not persuaded the reference order here encompassed all issues to the exclusion of the trial court's final determination. The issue that the defendant Data Lease must transfer the stock to Blackhawk for an amount to be paid by Blackhawk has already been determined by the Supreme Court in Fla., 302 So.2d 411. The amount to be paid by Blackhawk must be determined, and that determination is affected, according to the law of the case, by a consideration of the profits gained by Data Lease by virtue of having had possession of the disputed stock. As complicated matters of finance are involved, the trial court was within proper bounds when it requested a Special Master to determine, by questions designed by the trial court, how Data Lease had fared financially with respect to the stock in question. That information will not fully determine the result. The trial court is permitted to use the financial expertise of the Special Master to determine what factual results the monetary transactions have had. See Powell v. Weger, 97 So.2d 617 (Fla. 1957):
"Nothing herein is to be construed as precluding the Chancellor from referring a case to a special master or examiner for the performance of a `particular service' if such is necessary to aid the Court in an expeditious disposition of the cause."
We now consider Appeal No. 75-1564. It is an interlocutory appeal directed to a trial court order which granted a Motion to Strike or Dismiss the plaintiff's Motion for Recusal (suggestion of disqualification). It appears from the record that plaintiff's attorney learned of such grounds of disqualification, as were asserted, on May 2, 1975. The motion in question was filed more than thirty days thereafter. This lack of timeliness constitutes a waiver. Fla. Stat. § 38.02 (1973); See 18A Fla.Jur., Judges, §§ 54 and 62 (1971).
Reversed as to Case No. 75-323; affirmed as to Case No. 75-1564.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.
WALDEN, Chief Judge.

UPON PETITION FOR REHEARING
In our initial opinion we held:
"We now consider Appeal No. 75-1564. It is an interlocutory appeal directed to a trial court order which granted a Motion to Strike or Dismiss the plaintiff's Motion for Recusal (suggestion of disqualification). It appears from the record that plaintiff's attorney learned of such grounds of disqualification, as were asserted, on May 2, 1975. The motion in question was filed more than thirty days thereafter. This lack of timeliness constitutes a waiver. Fla. Stat. § 38.02 (1973); See 18A Fla.Jur., Judges, §§ 54 and 62, (1971)."
Appellants correctly point out our error, which we here acknowledge. Instead of relying on Fla. Stat. 38.02 with the thirty day time limit as we supposed, appellants relied upon Fla. Stat. 38.10 in challenging the qualification of the trial judge.
And so we newly consider the appellate issue.
Fla. Stat. § 38.10 (1973) requires that the affidavit for disqualification be filed, "not less than ten days before the beginning of the term of court, or good cause shown for the failure to so file same within such time."
Our view and holding is that the trial court was correct in declining disqualification.
The trial court in dismissing or striking the motion for recusal recited that,
"The court believes that there was a sufficient, goodfaith compliance with Canon 2 when Judge Kapner, on May 2, 1975, raised the matter in issue. The *479 Plaintiffs should not have waited until after an unfavorable ruling to proceed to request recusal."
We believe that the appellant having failed to file not less than ten days prior to the beginning of the term of court, did totally fail to show good cause for such failure in light of the time sequences shown in the record and fact that that delay was made after knowledge until such time as appellant had suffered an adverse ruling. Hence, the motion was legally untimely, State ex rel. Jensen v. Canon, 163 So.2d 535 (3rd DCA Fla. 1964); Oncay v. Oncay, 183 So.2d 878 (3rdDCA Fla. 1966).
We do hereby amend our original opinion to conform with this stated view upon rehearing. Having done so, the petition for rehearing is
Denied.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.