408 So.2d 819 (1982)
NISSIM HADJES, INC., Appellant,
v.
Lloyd HASNER, Asa B. Groves and Sam Hasner, Appellees.
No. 81-284.
District Court of Appeal of Florida, Third District.
January 19, 1982.
*820 Donald S. Rose, Miami, for appellant.
McCormick, Bedford & Backmeyer and Gerald L. Bedford, Miami, for appellees.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The trial court dismissed with prejudice the amended complaint of Nissim Hadjes, Inc. The complaint alleged, in substance, that the defendants, appellees here, paid their judgment creditor, The Meed Development Corporation, less than the full amount of the judgment in return for a satisfaction of judgment; that at the time of this transaction, as Meed and the defendants well knew, Meed was indebted to Hadjes in the exact amount of its judgment against the defendants[1] and was insolvent save for its judgment against the defendants; and that Meed's satisfaction of judgment constituted a fraudulent conveyance of an asset to the extent that it was given for inadequate consideration. Hadjes sought to have the fraudulent conveyance set aside, or, alternatively, to have judgment entered against the defendants on the theory that the difference between the amount of Meed's judgment against the defendants and the amount paid to satisfy it constituted property of Meed constructively held by the defendants for Hadjes' benefit.
The dismissal with prejudice was ostensibly based on the notion that Hadjes' claims for relief were barred by res judicata. While it is true that prior to bringing the action below, Hadjes had moved to set aside the satisfaction of judgment in the very action and court in which the judgment was obtained, see n. 1, supra, the merits of Hadjes' motion were never addressed by the Circuit Court in Palm Beach County, which expressly denied the motion "without prejudice to the plaintiff to pursue any other remedy to include, without limitation, the filing of a creditor's bill." It should be obvious that where a court expressly declines to consider or rule upon the merits of a motion, it has adjudicated nothing which would prevent subsequent litigation of the matters raised in the motion. See Rountree v. Rountree, 72 So.2d 794 (Fla. 1954). Cf. Buckley Towers Condominium, Inc. v. Buchwald, 374 So.2d 550 (Fla. 3d DCA 1979), dismissed, 386 So.2d 634 (Fla. 1980) (appellate court's express refusal in earlier appeal to consider issue of legality of recreation lease does not bar, under doctrine of estoppel by judgment, subsequent action raising that issue). See also 50 C.J.S. Judgments, § 641 n. 74 at 74 (1947) ("A judgment which expressly excepts or reserves ... the right to take further proceedings in respect of certain matters, is not a bar to a subsequent action on the matters so reserved."). Compare AGB Oil Company v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981).
Of course, we would affirm the trial court if we found its dismissal with prejudice correct, even though its reason for the dismissal was wrong. See, e.g., Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980). The only other possible justification for a dismissal with prejudice here is that no matter how well pleaded,[2] no cause of action lies. But that is not the case.
*821 A cause of action to set aside a fraudulent conveyance or to assert rights to a judgment debtor's property in the hands of another does lie where an otherwise insolvent judgment debtor, itself a judgment creditor, fraudulently conveys by a satisfaction of judgment its rights to receive the full amount of the judgment for less than the full amount and the recipient of the satisfaction is party to the fraud. Cf. Michel v. American Fire & Casualty Company, 82 F.2d 583 (5th Cir.1936) (release of solvent claim against insurance company by apparently insolvent debtor for less than full amount of claim done with knowledge of insurance company to defeat creditors of the insured presents jury question); First State Bank of Clermont v. Fitch, 105 Fla. 435, 141 So. 299 (1932) (complaint that insolvent debtor satisfied defaulted mortgage in exchange for quitclaim deed from mortgagor-owner to debtor's wife for purpose of defrauding creditors from right to property states a cause of action). Even as a fraudulent transfer of property may take the form of a release or cancellation of a debt or claim, First State Bank of Clermont v. Fitch, supra, it may take the form of a satisfaction of judgment notwithstanding that in the absence of fraud the law permits a debt or obligation to be satisfied for less than the full amount. See § 725.05, Fla. Stat. (1979). See also 37 Am.Jur.2d, Fraudulent Conveyances, § 71 at 755 (1968):
"The forgiveness by a debtor of a debt which is due to him  for example, the collusive cancellation and surrender of a bond or note by a judgment debtor to his debtor, involving as between them the discharge of the latter from the obligation  is a fraudulent transfer which a judgment creditor may have set aside in equity and thereupon hold his debtor's debtor to account for the amount of the debt."
Accordingly, we reverse the order dismissing the amended complaint and remand the cause for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Hadjes' judgment against Meed was obtained in the same action in the Circuit Court in Palm Beach County in which Meed, as a third-party plaintiff, obtained a like judgment against Hasner, Groves and Hasner.
[2] If, as argued by the appellees, the allegations of the amended complaint failed to sufficiently allege a fraud, an equitable trust, or venue, such insufficiencies were capable of being remedied by amendment and could not justify a dismissal with prejudice. See, e.g., Ranger Insurance Company v. Travelers Indemnity Company, 389 So.2d 272 (Fla. 1st DCA 1980); Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980); Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978). Appellees' further argument that the amount sought in the amended complaint was less than the minimal jurisdictional amount of the circuit court completely overlooks that Hadjes' action, at least in part, was an equitable one. But even were it not, this deficiency was capable of being remedied by an order transferring the cause to the county court and would not warrant a dismissal with prejudice. See Osborne v. Delta Maintenance and Welding, Inc., supra.