POLEN, Judge.
Irene Lapidus appeals the trial court’s denial of her motion to vacate a satisfaction of judgment. The trial court found that a satisfaction of judgment, signed by her client on November 19,1992, following post-dissolution modification proceedings, nullified an award of attorney’s fees that was granted to Ms. Lapidus personally. Such a finding by the trial court was erroneous and we reverse.
Ms. Lapidus represented Laura Uydess, defending a petition for modification of final judgment of dissolution of marriage brought by former husband Gary Weil. On October 20, 1992, after the modification proceedings, Ms. Lapidus was awarded $18,993.25 in fees for defending the modification proceedings.[1] However, following the fee award, Ms. Uy-dess signed a satisfaction of judgment, in favor of her former husband, in the amount of $18,993.25. Mr. Weil believed that this satisfaction nullified Ms. Lapidus’s attorney’s fee award. Eventually, Ms. Lapidus filed a motion for contempt against Mr. Weil for his failure to pay the October 20th award. At a hearing on her motion, the trial court agreed with Mr. Weil, finding the satisfaction signed by Ms. Uydess nullified Ms. Lapidus’s award. The court additionally denied Ms. Lapidus’s motion for rehearing and motion to vacate satisfaction of judgment.
An award which orders payment directly to an attorney is personal and cannot be voided without the attorney’s consent. Irwin v. Marko, 408 So.2d 677 (Fla. 4th DCA 1981). The award presently before the court was ordered under section 61.16, Florida Statutes (1993), which states in pertinent part: “In all cases, the court may order that amount be paid directly to the attorney, who may enforce the order in that attorney’s name.” When interpreting this section under similar factual circumstances, the third district also concluded that awards granted directly to the attorney are personal and survive any reconciliation and dismissal between the parties. Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA 1981). Knott involved a dissolution of marriage proceeding where the court announced an attorney’s award for $37,000.00. Of that amount, the husband was ordered to pay the wife’s portion. The husband and wife, however, settled their differences, voluntarily dismissed the petition for dissolution, then challenged the court’s jurisdiction to make the award and the attorney’s standing to seek fees. The third district discussed section 61.16 and held the statute clearly provides that attorneys may enforce an award in their name. Additionally, any right inuring to the attorney under section 61.16 survives the dismissal of the action between the two parties. Knott at 1198.
At bar, a review of the October 20, 1992, award shows it was a fee award made directly to Ms. Lapidus. Awarded under section 61.16, it created a personal right in Ms. Lapidus that survives any settlement by the parties, including the satisfaction of judgment signed by Ms. Uydess. Under Knott and Marko, Ms. Uydess had no authority to void that right by signing the satisfaction of judgment. Appellee’s reliance on Leone v. Weed, 448 So.2d 74 (Fla. 4th DCA 1984), does not support his position, as it is factually distinguishable, and in any event, is more favorable to appellant’s position.
Finally, we are unpersuaded by Mr. Weil’s argument that the October order does not direct him to pay Ms. Lapidus. When the order is read in para materia with the requesting motion, it is clear the court intended Mr. Weil to pay Ms. Lapidus’s award.
REVERSED AND REMANDED.
GLICKSTEIN and KLEIN, JJ., concur.

. As discussed below, Mr. Weil argues that the attorney’s fee award does not say "Gary Weil shall pay to Irene Lapidus ..so that it is not clear the award is against him. We are unpersuaded by this argument.