HAZOURI, J.
The named Appellants own property in Miami-Dade and Broward counties, insured against windstorm damage by Citizens Property Insurance Company (Citizens), a successor in interest to the Florida Windstorm Underwriting Association (FWUA). In this appeal, Appellants challenge the Office of Insurance Regulation’s (OIR) determination that there was no probable cause showing that FWUA violated the rating law in setting rates effective during the period of July 2000 through June 2002.
FWUA was a non-profit residual insurer, created by the Florida Legislature, to provide insurance for wind damage to property owners who were unable to obtain it otherwise. In 2002, the Florida Legislature created Citizens to act as the sole residual property insurer in Florida. All of FWUA’s policies, assets, and liabilities were transferred to Citizens.
On April 30, 1999, FWUA submitted a rate filing to the Department of Insurance (Department)[1] for review. FWUA sought a 96% rate increase. On July 16,1999, the Department issued a Notice of Intent to disapprove of the rate increase in its entirety. The Department advised FWUA of its right to request a formal hearing pursuant to section 120.57(1), Florida Statutes, or alternatively, to demand arbitration under section 627.062(6), Florida Statutes. On July 29, 1999, FWUA filed its demand for arbitration of the premium rate filing under sections 627.062(6) and 627.351(2)(b)5.b.
At the arbitration, the Department agreed that FWUA was in need of a rate increase, but claimed that FWUA failed to justify the increase through “generally accepted and reasonable actuarial techniques,” as required by section 627.062(2). The arbitration panel issued a decision dated February 3, 2000, which approved a premium rate increase with caps at 20% the first year, 30% the second year, and 40% thereafter until the rate increase was fully implemented. On February 9, 2000, the Department filed an action in Leon County Circuit Court to vacate the arbitration award. The circuit court ruled in favor of FWUA, claiming it had no authority to review the arbitration ruling. The First District affirmed that decision. See State Dep’t of Ins. v. FWUA, 802 So.2d 1153 (Fla. 1st DCA 2001).
Subsequently, FWUA implemented the rate increase as approved by the arbitration panel, effective with renewals and new policies beginning July 1, 2000. The Department filed an Immediate Final Order (IFO) to stop FWUA’s execution of the rate increase. In response, FWUA filed an administrative appeal and emergency motion for immediate relief from the IFO. The First District entered an order staying the Department’s action and the Department withdrew the IFO on April 10, 2001.
*1165 On September 5, 2001, the Department issued an Order to Show Cause against FWUA for implementing the new rate increases before judicial review proceedings concluded, claiming that FWUA’s action violated section 627.062. Ultimately, the Department and FWUA agreed to dismiss all pending administrative matters when new statutory guidelines rendered the issue moot. The new statutory guidelines, implemented in 2002, amended section 627.351 and approved the current rates as a base, such that FWUA’s rates for the period July 1, 2002, to June 30, 2003, were:
[F]or personal lines residential wind-only policies issued or renewed between July 1, 2002, and June 30, 2003, the maximum premium increase must be no greater than 10 percent of the Florida Windstorm Underwriting Association premium for that policy in effect on June 30, 2002....
See § 627.351(6)(d)3., Fla. Stat. (2002).
Prior to the Department and FWUA’s agreement to dismiss all pending administrative matters, Appellants had filed a statewide class action on January 2, 2001, against FWUA, the Department, and the State Treasurer, in the Leon County Circuit Court, challenging the validity of these rate increases, demanding insurance premium refunds, and seeking declaratory and injunctive relief. On June 14, 2002, the Leon County Circuit Court granted a summary judgment and declaration in favor of the defendants (FWUA, the Department, and State Treasurer). Appellants appealed to the First District. The First District held:
We affirm the trial court’s refusal to order refunds and denial of injunctive relief, but reverse the judgment and declaration insofar as it declares that ‘the arbitration resulted in Department approval as a matter of law[1]; and vacate the judgment and declaration insofar as it adjudicates questions that we do not reach.
Zimmerman v. FWUA, 873 So.2d 411, 412 (Fla. 1st DCA 2004). The First District found it unnecessary to reach Appellants’ arguments that: (1) the rate increase was invalid because no public hearing was held on the proposed increase pursuant to section 627.0629(7), Florida Statutes, and Rule 4-166.051, Florida Administrative Code, and (2) that statutes allowing arbitration of proposed rate increases were unconstitutional. Zimmerman, 873 So.2d at 413-14.
Following the First District’s decision, Appellants submitted a written request to the Department on June 9, 2004, seeking refunds of excessive charges resulting from FWUA’s use of the disputed rates. Prior to a response from the Department, Appellants filed another proposed class action complaint in Broward County Circuit Court. This complaint named Citizens as the defendant, challenged the rate increases and sought class certification of a purported class limited to policyholders in Palm Beach, Broward, Dade, and Monroe counties. The Broward County Circuit Court granted Citizens’s motion to dismiss for lack of jurisdiction, advising Appellants to exhaust administrative remedies with the Department.
Then, on June 9, 2005, Appellants petitioned OIR for administrative relief from allegedly “invalid premium rate increases that Florida’s residual windstorm insurer (Florida Windstorm Underwriting Association, referred to as “FWUA”) charged residential policyholders each year in advance during the period July 2000 through June 2002.”[2] Appellants sought restitution of *1166 the base rate premium charges exceeding the 1999 preexisting base rates. OIR responded by letter on June 24, 2005, advising Appellants that they must comply with section 627.371(1), Florida Statutes, by making a “written request of the insurer or rating organization to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him.” Appellants made such a written request to Citizens on July 1, 2005. Citizens acknowledged receipt of Appellants’ request on July 29, 2005. On October 7, 2005, Appellants contacted OIR, alleging that Citizens failed to meet the thirty-day deadline to grant the request, after which the requesting party may treat the request as rejected. See § 627.371(1), Fla. Stat. (2005).
In October 2005, Appellants moved in Leon County Circuit Court for an order directing OIR to rule on its administrative petition. OIR responded and moved for dismissal of Appellants’ motion based on lack of subject matter jurisdiction for failure to exhaust administrative remedies and no justiciable controversy. Citizens also filed a suggestion of lack of jurisdiction and objection to Appellants’ motion. On January 6, 2006, the Leon County Circuit Court denied Appellants’ motion for an order directing OIR to rule on their administrative petition, concluding that it lacked jurisdiction to order OIR to rule under the current Administrative Procedure Act. On February 6, 2006, Appellants petitioned the First District to:
complete the determination of this case, by directing the Circuit Court to resume jurisdiction over the remaining issues and issue a final judgment subject to review; or directing the Circuit Court Clerk to return the record to this Court, so it can complete resolution of the appellate issues; and to grant other relief as be appropriate.
The First District denied Appellants’ petition without opinion. On March 17, 2006, OIR issued a letter to Appellants advising that:
[Ajfter a thorough review of the facts and circumstances set forth in the Petition for Administrative Relief, we do not believe that probable cause exists showing any violation of the Rating Law on the part of Citizens Property Insurance Company, or its predecessor the Florida Windstorm Underwriting Association. Thus, we cannot proceed as provided by Section 627.371(2), Florida Statutes. Based on the foregoing, we are closing our file without further investigation or action.
Appellants assert two main arguments in this appeal from OIR’s finding of no probable cause. First, they argue that the July 1, 2000 rate increase was invalid because a public hearing was not held on FWUA’s rate filing, as provided by section 627.0629(7), Florida Statutes (1999), and Rule 4-166.051(3), Florida Administrative Code (1999).[3] Second, Appellants claim the rate increase was invalid because private arbitration to set FWUA’s rates was unconstitutional.
The doctrine of collateral estop-pel bars our consideration of Appellants’ claims. In GLA & Associates, Inc. v. City of Boca Raton, 855 So.2d 278 (Fla. 4th DCA 2003), this court recognized that collateral estoppel,
‘[Pjrevents identical parties from relit-igating the same issues that have already been decided. The essential elements of the doctrine are that the parties and issues be identical, and *1167 that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.’
Id. at 281 (quoting Dep’t of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995) (citing Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977))). “Collateral estoppel has traditionally operated to preclude litigants from relitigating the same issue not only in the same, but as well in a different forum.” Mobil Oil Corp., 354 So.2d at 375 (citing U.S. Gypsum Co. v. Columbia Cas. Co., 124 Fla. 633, 169 So. 532 (1936)). Collateral estoppel may apply on appeal to issues litigated in a prior appeal. See Friends of the Everglades, Inc. v. Zoning Bd., Monroe County, 478 So.2d 1126, 1127-28 (Fla. 1st DCA 1985) (concluding that present appeals from order of commission were barred by collateral estoppel in light of prior appeal involving related proceeding which raised same issue and decided issue adversely to the appellant).
There is no dispute that the prior litigation leading to the First District’s opinion in Zimmerman v. FWUA, 873 So.2d 411 (Fla. 1st DCA 2004), and the instant case, involve the same parties and issues. There, Appellants challenged the validity of the rate setting process, claiming that arbitration was unconstitutional and violated FWUA’s Plan of Operation, and that no public hearing was held as required by statute and FWUA’s rules. Here, Appellants continue to challenge the validity of the rate setting process, arguing again that the arbitration was unconstitutional, and that FWUA failed to hold a public hearing.
Thus, our analysis turns on whether the matter was “ ‘fully litigated and determined in a contest which result[ed] in a final decision of a court of competent jurisdiction.’ ” See GLA & Assocs., Inc., 855 So.2d at 281 (citations omitted).
In Zimmerman, the First District held:
We affirm the trial court’s refusal to order refunds and denial of injunctive relief, but reverse the judgment and declaration insofar as it declares that ‘the arbitration resulted in Department approval as a matter of law5; and vacate the judgment and declaration insofar as it adjudicates questions that we do not reach.
873 So.2d at 412. The court concluded that FWUA’s Plan of Operation dictated that insurance rate increases require Department approval, and “the Department has never given its approval of the rate hike [at issue], and that FWUA’s resort to arbitration as a means of raising rates was a ‘material error ... made by the insurer.’ ” Zimmerman, 873 So.2d at 413-14 (citing § 627.062(2)(g), Fla. Stat. (2003)). Because it found that the rates set at arbitration needed final approval from the Department, the court deemed it unnecessary to address Appellants’ other theories; namely, that arbitration was unconstitutional and a public hearing was required. Zimmerman, 873 So.2d at 414.
Although the First District reversed the trial court’s judgment and declaration insofar as it declared that “ ‘the arbitration resulted in Department approval as a matter of law,’ ” it concluded that Appellants must seek relief, in the form of a credit or a refund, from the Department itself. The court noted that “the Department of Insurance, not the circuit court, has responsibility for reviewing insurance rates and rate increases and determining whether ‘a rate or rate change is excessive, ... or unfairly discriminatory.’ ” Id. (citing § 627.062(2), Fla. Stat. (2003)). Thus, if the Department determined that the rates were not excessive or unfairly discrimina *1168 tory, then Appellants had no further recourse.
Following the First District’s decision, Appellants petitioned OIR for administrative relief from the allegedly invalid rate increases, and sought restitution. OIR’s denial of Appellants’ request for restitution undoubtedly indicated that OIR determined that the rates were not excessive or unfairly discriminatory. However, in the instant appeal, Appellants do not challenge the rates as excessive or unfairly discriminatory. Rather, they seek to revive the two arguments the First District determined were unnecessary to consider because it was reversing the trial court’s determination that the arbitration resulted in approval by the Department as a matter of law.
Thus, Zimmerman constituted a final decision on the fully litigated question of whether the rate-setting process was valid. The First District’s determination that it was unnecessary to reach the two arguments Appellants revive here does not alter this conclusion, as Zimmerman represented a final adjudication and disposal of the overriding, dispositive issue: the validity of the rate-setting process. See Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88, 90 (Fla. 1st DCA 1981) (suggesting that a final adjudication of parties’ rights, and a final disposal of a case, provide the foundation for a collateral estoppel claim). Moreover, “[t]his case falls squarely within the purpose of the doctrine of issue preclusion [i.e., “collateral estoppel”]: ‘preventing] repetitious litigation of what is essentially the same dispute.’” M.C.G. v. Hillsborough County Sch. Bd., 927 So.2d 224, 227 (Fla. 2d DCA 2006) (citing Restatement (Second) of Judgments § 27, cmt. c.).
In some cases, collateral estoppel does not apply where the previous court declined to rule upon the merits of a particular issue. See Nissim Hadjes, Inc. v. Hasner, 408 So.2d 819 (Fla. 3d DCA 1982); Buckley Towers Condo., Inc. v. Buchwald, 374 So.2d 550 (Fla. 3d DCA 1979). However, the instant case is distinguishable.
In Nissim Hadjes, the Third District concluded that “where a court expressly declines to consider or rule upon the merits of a motion, it has adjudicated nothing which would prevent subsequent litigation of the matters raised in the motion.” 408 So.2d at 820 (citing Rountree v. Rountree, 72 So.2d 794 (Fla.1954)). However, the prior litigation at issue in Nissim Hadjes, involved a motion to set aside a satisfaction of judgment, the merits of which were never decided by the circuit court, which denied the motion without prejudice to the plaintiff to pursue other remedies. 408 So.2d at 820. Therefore, the case was never finally disposed of, unlike what occurred in the instant case.
Similarly, in Buckley Towers, the Third District acknowledged that, in a previous appeal involving the same parties, it refused to consider an issue that was raised for the first time at oral argument. The court determined that its refusal to consider the issue did not bar a subsequent action raising that issue, under the collateral estoppel doctrine. Buckley Towers, 374 So.2d at 550-51. However, in the instant case, the First District did not refuse to consider the Appellants’ remaining arguments in support of the overriding issue of whether the rate-setting process was valid. Rather, the court found it unnecessary to reach those arguments, as it was reversing the trial court’s ruling that the arbitration constituted final rate approval by the Department.
Even if we were to reach the merits, we are without the authority to order credits or refunds. As explained in Zim *1169 merman, only OIR has the authority to do so, not the courts. 873 So.2d at 415-16.
Accordingly, because Appellants’ claims are barred by collateral estoppel, we affirm.

Affirmed.

GROSS, J. and MAASS, ELIZABETH T., Associate Judge, concur.

. The Florida Legislature reorganized the Department in 2003. OIR assumed the Department’s previous functions at that time. See Ch.2003-261, § 69, at 42, Laws of Fla.

. Appellants brought this petition on behalf of themselves and “on behalf of approximately 200,000 similarly situated residential wind *1166 storm policyholders in Broward, Miami-Dade, Monroe and Palm Beach Counties.”

. This rule has since been recodified as Rule 690-166.051.