WALLACE, Judge.
Jeffrey J. Jankowski (the Former Husband) appeals the circuit court’s order granting an attorney’s motion to set aside a satisfaction of a money judgment for *185 attorney’s fees in favor of Dawn M. Dey (the Former Wife). Earlier, in the underlying proceeding for dissolution of marriage, the circuit court had awarded the money judgment for attorney’s fees against the Former Husband and in favor of the Former Wife. The circuit court’s order under review also amended the money judgment by redirecting a portion of the monies due under it to the Former Wife’s attorney and her expert witness.
We reverse the circuit court’s order for two reasons. First, the Former Wife’s attorney lacked standing to challenge the satisfaction of the Former Wife’s money judgment against the Former Husband. Second, the circuit court lacked jurisdiction to enter what amounted to an amendment of its prior order after that order had become final.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The marriage between the Former Husband and the Former Wife was dissolved in 2007. Although our record in this case is quite limited, it is sufficient to demonstrate that the underlying proceedings for dissolution of marriage were pending in the circuit court for several years. The proceedings were also extremely contentious and generated substantial expenses for attorney’s fees and costs.
In an order entered in July 2008 that awarded the Former Wife attorney’s fees, the circuit court found that the Former Husband’s conduct was the primary reason for the excessive and expensive litigation. The circuit court awarded the Former Wife her attorney’s fees and costs based upon her need, the Former Husband’s ability to pay, and a finding that the Former Husband had engaged in excessive litigation “motivated by malice and ill will, driven by a sad obsession with proving his dominance over his ex-wife.” The circuit court concluded that “even if the disparity in need and ability to pay were disregarded, an award of $182,639 would separately and independently be justified” by the Former Husband’s conduct in that “[t]his latter amount of fees was encountered solely due to the [Fjormer [Hjusband’s abusive litigation tactics.” Based on these and other findings, the circuit court ordered the Former Husband within thirty days to pay the Former Wife the sum of $214,353 for her attorney’s fees and costs.
Notably, the order awarding the Former Wife her attorney’s fees and costs does not direct payment to her attorneys or otherwise address the issue of their entitlement to enforce the award. The order does reflect that $146,025 of the amount awarded was for the services of the Law Office of Donald P. DeCort, P.A. (DeCort) and that $36,614 was for work performed by the Stahl Consulting Group, CPA (Stahl). The remainder of the award was for work performed by other attorneys who had represented the Former Wife during the proceedings.
The Former Husband did not comply with the order to pay the Former Wife the award of attorney’s fees and costs within thirty days. On December 30, 2008, the circuit court reduced the $214,353 award to a money judgment in favor of the Former Wife. Consistent with the original award, the money judgment was in favor of the Former Wife and did not direct payment to her attorneys. Neither the Former Husband nor the Former Wife filed a timely motion for rehearing directed at the money judgment.
On March 30, 2009, almost three months after the entry of the money judgment, the Former Husband and the Former Wife filed with the clerk their Joint Stipulation for Satisfaction of Judgment of Attorney’s Fees. In pertinent part, the stipulation states:
*186 [T]he parties ... stipulate and agree that the money judgment for attorney’s fees against Jeffrey Jankowski entered on December 30, 2008[J in the amount of $214,358.00 in the aforementioned case is hereby satisfied; and in consideration it is further agreed by and between the parties that Respondent, Jeffrey Jankowski[,] shall voluntarily dismiss the appeal currently pending before the Second District Court of Appeal[ ] in Consolidated Appellate Case Nos.: 2D08-3732, 2D08-212, and 2D07-4863 upon the execution of the order satisfying the judgment for attorney’s fees against Jeffrey Jankow-ski.
On June 3, 2009, this court dismissed the appeals referred to in the stipulation in accordance with a notice of voluntary dismissal. Jankowski v. Jankowski, 8 So.3d 1140 (Fla. 2d DCA 2009) (table decision).
Next, DeCort filed a “motion to set aside joint stipulation for satisfaction of money judgment of attorney’s fees, strike satisfaction of money judgment, and partially assign money judgment for attorney’s fees and costs.” The circuit court conducted an evidentiary hearing on the motion. At the hearing, counsel for DeCort and Stahl argued that the joint stipulation for satisfaction of judgment should be set aside as fraudulent because the Former Husband and the Former Wife had misrepresented that the judgment had been satisfied. The Former Wife, who appeared pro se, opposed setting aside the joint stipulation and argued “that the money judgment was settled and paid in full by dropping the appeal.” The Former Husband did not appear at the hearing.
Counsel for DeCort and Stahl testified that the Former Wife owed DeCort $158,252.51 plus interest and that she owed Stahl $13,596.34.[1] Counsel for De-Cort and Stahl testified further that the Former Wife had not made any payments since October 2008 and that she had not made any arrangement to pay the monies due. In addition, counsel testified that the Former Wife had never discussed the joint stipulation with DeCort. Counsel concluded that the Former Wife had entered into the joint stipulation to allow the Former Husband to avoid payment of the money judgment, knowing that she did not have the financial ability to pay the monies owed to her former attorneys and to Stahl.
The Former Wife testified at the hearing that she did not know the Former Husband’s whereabouts. She acknowledged that when she entered into the joint stipulation she did not have the ability to pay the fees due her attorneys and Stahl. The Former Wife also conceded that “[ojther than dropping the appeal” and offering “to start paying the child support on a regular basis” — which had previously been ordered — the Former Husband offered her nothing in exchange for the stipulated satisfaction of judgment. The Former Wife explained that she signed the joint stipulation based on her belief that the Former Husband would prevail on his appeal and then she would be required to return to him at least as much as the amount of the money judgment for fees. “And therefore, in saving some money for [herjself, [she] decided to go ahead and agree that the money judgment was paid in full.”
II. THE CIRCUIT COURT’S RULING
At the conclusion of the hearing, the circuit court stated:
Okay. All right. Well, it sounds like you may have been taken advantage of, but it doesn’t sound like that amounts necessarily — it certainly — it’s not neces *187 sary, I don’t think, counsel, to set aside the satisfaction of that Judgment because I can issue another Judgment in the names of the attorneys and then it has to be enforced if you find him, or if you can find his assets.
In its written order, the circuit court granted DeCort’s motion to set aside the joint stipulation for satisfaction of money judgment, stating that “[t]o the extent that monies from the Money Judgment entered December 30, 2008, were owed to third parties, such as Mr. DeCort or Mr. Stahl, the Former Wife and the Former Husband’s attempt to eliminate the previous judgment entered by this Court can be inferred to be collusive and fraudulent.” Citing to section 61.16(1), Florida Statutes (2008), the circuit court awarded DeCort a judgment against the Former Husband for $158,252.51, plus interest. The circuit court also awarded Stahl a judgment against the Former Husband for $13,596.84, plus interest. The Former Husband’s appeal followed.
III. DISCUSSION
On appeal, the Former Husband makes four arguments.[2] Based on our disposition of the case, the Former Husband’s third argument is moot. The fourth argument is without merit and does not warrant discussion. The Former Husband’s first and second arguments are interrelated, and we consider them together.
As the Former Husband correctly points out, a satisfaction of judgment generally operates as “a complete bar to any effort to alter or amend the final judgment.” Progressive Plumbing, Inc. v. Dixie Constr. Prods., 912 So.2d 646, 647 (Fla. 5th DCA 2005). “A satisfaction signifies that the litigation is over, the dispute is settled, the account is paid.” Morris N. Am., Inc. v. King, 430 So.2d 592, 592 (Fla. 4th DCA 1983).
However, a satisfaction of judgment is not immune from attack, and if it is shown to be invalid, it may be set aside. Id. at 593. “The appropriate method to attack the validity of a satisfaction is by motion pursuant to Rule 1.540(b), Fla. R. Civ. P., in the original action or by an independent action brought specifically for that purpose in the court which entered the judgment.” Id.; see also Progressive Plumbing, 912 So.2d at 647-48 (noting that “if shown to be invalid, a satisfaction may be set aside” and that “[e]very court of law possesses inherent equitable power sufficient to control its own judgments,” including the “power to set aside a satisfaction of one of its own judgments”).
Thus the circuit court had the authority and the inherent jurisdiction to set aside the joint stipulation for satisfaction of judgment upon the filing of an appropriate motion by a proper party and the presentation of proof that the satisfaction was fraudulent and invalid. Nevertheless, the dispositive factor in this case is the Former Wife’s status as the holder of the money judgment. To be sure, section 61.16(1) gives the circuit court the option of making an award of attorney’s fees and costs to a party or directly to the party’s attorney:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceed *188 ings and appeals.... In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney’s name.
(Emphasis added.) Here, the money judgment provided for an award of attorney’s fees and costs to the Former Wife, not directly to her attorneys. Thus DeCort, despite its prior representation of the Former Wife, had no interest in the money judgment.
The decision in Lapidus v. Weil, 672 So.2d 58 (Fla. 4th DCA 1996), provides an instructive contrast with the facts of this case. In Lapidus, an attorney defended the former wife in a petition for modification of a final judgment brought by the former husband. Id. at 59. At the conclusion of the modification proceedings, the trial court made a direct award of fees to the attorney for $18,993.25. Id. Later, the former wife executed a satisfaction of judgment in favor of the former husband for the fee award. Id. The attorney moved to vacate the satisfaction of judgment, and the trial court denied her motion. Id.
On appeal, the Fourth District reversed the trial court’s denial of the attorney’s motion to vacate the satisfaction of judgment. Id. The Fourth District explained that “[a]n award which orders payment directly to an attorney is personal and cannot be voided without the attorney’s consent” and “that awards granted directly to the attorney are personal and survive any reconciliation and dismissal between the parties.” Id. Thus, because the fee award in Lapidus was made payable directly to the attorney, the Fourth District concluded that the attorney’s personal right to enforce the fee award survived any settlement between the parties. The former wife in Lapidus could not void that right by executing the satisfaction of judgment. Id.
In this case, unlike in Lapidus, the circuit court did not award the fees for De-Cort and Stahl directly to them. The circuit court made its money judgment for fees and costs in favor of the Former Wife. Moreover, neither DeCort nor Stahl were parties to the underlying litigation. Despite these facts, the circuit court relied on section 61.16(1) as its authority to grant DeCort’s motion to set aside the satisfaction of judgment and to enter an order redirecting the fees and costs to DeCort and to Stahl.
The circuit court erred in relying on section 61.16(1) in support of the order under review. Section 61.16(1) does not give an attorney an independent right to seek a fee award for services rendered in a case under chapter 61. Furthermore, absent an order directing payment of a fee award to the attorney, the attorney does not have standing to enforce the award.
In Florida Bar v. W.H.P., 384 So.2d 28, 30 (Fla.1980), the Supreme Court of Florida held that section 61.16 “does give an attorney a personal (in his own name) enforceable action for fees, but only after a court has entered a discretionary order which directs payment directly to the attorney.” (Emphasis added.) Similarly, in MacLeod v. Hoff, 654 So.2d 1250, 1252 (Fla. 2d DCA 1995), this court noted:
[Ujnder section 61.16, ... attorneys have no standing to apply for awards of fees in their own names. Instead, section 61.16 provides only that an attorney may enforce, in his own name, an award of fees to a party — made, of course, upon that party’s proper motion — where the trial court has entered a discretionary order indicating that payment of fees is to be made directly to the attorney.
*189 (Citations omitted.) Thus attorneys do not have standing to seek an award of fees in their own names and may only enforce a fee award in their own names when the trial court has entered an order stating that payment should be made directly to the attorney.
Here, the order awarding attorney’s fees and costs to the Former Wife did not direct payment to DeCort and Stahl. The subsequent money judgment against the Former Husband for the Former Wife’s attorney’s fees and costs was in favor of the Former Wife, not DeCort and Stahl. It follows that DeCort and Stahl lacked standing to enforce the money judgment by seeking to set aside the joint stipulation for satisfaction of judgment. In addition, the circuit court erred in entering what amounted to an order amending the Former Wife’s final judgment for attorney’s fees several months after the judgment became final by redirecting payment of the award—in part — to DeCort and Stahl. See Fla. R. Civ. P. 1.530(d); Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1, 3-4 (Fla.1970); Padot v. Padot, 891 So.2d 1079, 1084-85 (Fla. 2d DCA 2004); Malone v. Percival, 875 So.2d 1286, 1288 (Fla. 2d DCA 2004); King v. State, 870 So.2d 69, 70 (Fla. 2d DCA 2003).
IV. CONCLUSION
Like the circuit court, we deplore the collusive effort by the Former Husband and the Former Wife to deprive the Former Wife’s attorneys and expert witness of their fees and costs for the services they rendered on her behalf. Nevertheless, we can find no basis in the record upon which to affirm; accordingly, we reverse the circuit court’s order.[3] The result in this case — considered together with the different outcome in Lapidus — illustrates the importance of making the award of fees and costs in a case under chapter 61 directly to the party’s attorney under circumstances where the party has not already paid the attorney in full for his or her services.
Reversed.
NORTHCUTT and KELLY, JJ., Concur.

. DeCort had apparently paid some of Stahl’s invoices.

. Although the Former Wife did not join in the appeal, she filed a brief adopting the Former Husband's arguments.

. A satisfaction of a judgment for less than full consideration might constitute a fraudulent transfer voidable by other creditors under the Uniform Fraudulent Transfer Act, sections 726.101-.201, Florida Statutes (2010). See Nissim Hadjes, Inc. v. Hasner, 408 So.2d 819, 821 (Fla. 3d DCA 1982). However, the question of whether DeCort and Stahl are entitled to such relief under the Act is not before us, and we express no opinion on this issue.